[No. 32659-1-II.   Division Two.   April 4, 2006.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES L. COURNEYA, *Appellant*.

348

*Thomas E. Doyle* and *Patricia A. Pethick*, for appellant.

*Edward G. Holm, Prosecuting Attorney,* and *James C. Powers, Deputy,* for respondent.

¶1 VAN DEREN, J. — The State charged Charles L. Courneya with hit and run (injury) under RCW 46.52-.020(1) and (4)(b). A June 2004 trial resulted in a mistrial. The State did not amend its defective charging document before a second trial in November 2004. Courneya was found guilty at his second trial and he now appeals. We reverse and remand for dismissal without prejudice.

## FACTS

¶2 The State charged Courneya on August 27, 2003, with hit and run (injury) under RCW 46.52.020(1) and (4)(b). The information did not include the nonstatutory knowledge element of RCW 46.52.020(1) and (4)(b). At Courneya's first

trial in June 2004, the jury was unable to reach a verdict, resulting in a mistrial. The State never amended the information to include the necessary knowledge element. A second jury trial commenced in November 2004.

¶3 The jury found Courneya guilty at his second trial. He appeals the sufficiency of the State's information.

## ANALYSIS

### SUFFICIENCY OF THE STATE'S INFORMATION

¶4 Courneya argues that the State's information is insufficient because it (1) omitted the nonstatutory knowledge element of RCW 46.52.020(1) and (4)(b) and (2) failed to outline the duty imposed on motorists involved in accidents to provide their automobile insurance information.

¶5 The State concedes that, under our decision in *State v. Sutherland*, 104 Wn. App. 122, 15 P.3d 1051 (2001), its information is insufficient. But the State contends that Courneya's conviction should stand because Courneya had notice during his second trial that (1) knowledge was a required nonstatutory element of RCW 46.52.020(1) and (4)(b) and (2) he had a duty to provide his insurance information at the accident scene.

¶6 All essential elements of an alleged crime, both statutory and nonstatutory, must be included in the charging document. *State v. Goodman*, 150 Wn.2d 774, 784, 83 P.3d 410 (2004); *State v. Kjorsvik*, 117 Wn.2d 93, 101-02, 812 P.2d 86 (1991). In addition to adequately identifying the crime charged,[1] the charging document must also allege facts supporting every element of the offense. *Goodman*, 150 Wn.2d at 784, 786; *Kjorsvik*, 117 Wn.2d at 98, 101; *State v. Clowes*, 104 Wn. App. 935, 940-41, 18 P.3d 596 (2001). Words in a charging document are read as a whole,

---

[1] Merely citing to the proper statute and naming the offense is insufficient to charge a crime unless the name of the offense apprises the defendant of all of the essential elements of the crime. *State v. Vangerpen*, 125 Wn.2d 782, 787, 888 P.2d 1177 (1995).

construed according to common sense, and include facts which are necessarily implied. *Kjorsvik*, 117 Wn.2d at 109. But an information omitting essential elements charges no crime at all. *Sutherland*, 104 Wn. App. at 130. The primary purpose of this rule is to give the accused notice of the nature of the allegations so that a defense may be properly prepared. *Goodman*, 150 Wn.2d at 784; *Kjorsvik*, 117 Wn.2d at 101-02.

¶7 Charging documents challenged for the first time on appeal will be more liberally construed in favor of validity than those challenged before or during trial. *Kjorsvik*, 117 Wn.2d at 102. A two-pronged test defines this liberal construction: (1) do the necessary facts appear in any form, or by fair construction can they be found, in the charging document and, (2) if so, can the defendant show that he or she was nonetheless actually prejudiced by the inartful language that caused a lack of notice? *Goodman*, 150 Wn.2d at 787-88; *Kjorsvik*, 117 Wn.2d at 105-06.

¶8 The first prong looks to the face of the charging document and requires at least some language giving notice of the allegedly missing elements.[2] *Kjorsvik*, 117 Wn.2d at 106. The second prong may look beyond the face of the information to determine if the accused actually received notice of the charges he or she must have been prepared to defend; it is possible that other circumstances of the charging process can reasonably inform the defendant in a timely manner of the nature of the charges. *Kjorsvik*, 117 Wn.2d at 106.

¶9 Here, the State is correct that the *Sutherland* court's decision renders its information insufficient. In *Sutherland*, as here, the State charged a violation of RCW 46.52.020(1), omitting (1) the offense's required non-statutory knowledge element and (2) duties imposed on motorists involved in accidents. 104 Wn. App. at 130-31.

---

[2] If the necessary elements are neither found nor fairly implied in the charging document, prejudice is presumed and reviewing courts reverse without reaching the question of prejudice. *Goodman*, 150 Wn.2d at 788 (citing *State v. McCarty*, 140 Wn.2d 420, 425, 998 P.2d 296 (2000)).

The court held that nothing in the information reasonably indicated that the State was required to prove that Sutherland knew he was in an accident. *Sutherland*, 104 Wn. App. at 132. It elaborated that no words in the information implied the existence of a knowledge element and that the information's citation to the statute was unhelpful because knowledge is a required nonstatutory element of RCW 46.52.020.[3] *Sutherland*, 104 Wn. App. at 132.

¶10 Similarly, the State's information charging Courneya nowhere indicates that the State was required to prove that Courneya knew he was involved in an accident.[4] No words in the information imply the existence of a knowledge element; rather, the information alleges only that Courneya was involved in an accident and did not stop to fulfill his duties as a motorist under RCW 46.52.020.

¶11 Applied strictly, the essential elements rule requires us to reverse Courneya's conviction, even under the two-prong liberal construction test outlined in *Kjorsvik*, because

---

[3] Because the court in *Sutherland* found the State's information insufficient due to lack of the knowledge element, it did not address whether the information was insufficient due to its failure to delineate the duties of a motorist involved in an accident. 104 Wn. App. at 133. Similarly, we need not address whether the information was insufficient due to its failure to outline a motorist's duty to disclose his automobile insurance information if involved in an accident.

[4] The information reads:

**HIT AND RUN (INJURY), RCW 46.52.020(1), (4)(b):**

In that the defendant, CHARLES LEO COURNEYA, in the State of Washington, on or about the 22nd day of August, 2003, as the driver of a vehicle involved in an accident resulting in injury to a person, failed to immediately stop his vehicle at the scene of such accident or as close thereto as possible or failed then forthwith to return or failed to remain at the scene of such accident until he had given his name, address and vehicle license number and exhibited his driver's license to the person injured or the driver or any occupant of, or any person attending, any such vehicle collided with and failed to render to any person injured in such accident reasonable assistance, including the carrying or the making of arrangements for the carrying of such person to a physician or hospital for medical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person or on his or her behalf, contrary to statute in such cases made and provided, to-wit: RCW 46.52.020, and against the peace and dignity of the State of Washington.

Clerk's Papers at 4.

the State's information failed to include a required non-statutory element of the charged offense.

¶12 The State argues that we should affirm Courneya's conviction, however, because the policy and purpose behind both the essential elements rule and the two-prong liberal construction test has been served despite the insufficiency of the State's information.

¶13 In *Kjorsvik*, the court observed that "[t]he primary goal of the 'essential elements' rule is to give notice to an accused of the nature of the crime that he or she must be prepared to defend against." 117 Wn.2d at 101. The court stated that "defendants are entitled to be fully informed of the nature of the accusations against them *so that they can prepare an adequate defense.*" *Kjorsvik*, 117 Wn.2d at 101. Furthermore, the two-prong liberal construction test applied to charging documents objected to for the first time on appeal fairly balances (1) the right of a defendant to proper and timely notice of the accusation against the defendant and (2) the right of the State not to have basically fair convictions overturned on intentionally delayed postverdict challenges to the sufficiency of a charging document. *Kjorsvik*, 117 Wn.2d at 103, 108.

¶14 The State urges us to ignore the strict interpretation of the rule because Courneya proceeded through a jury trial in June 2004 that resulted in a deadlocked jury, compelling the trial court to declare a mistrial. Two of the instructions submitted to the jury in the June 2004 trial explained that knowledge was an essential element of the crime charged and that the State must establish beyond a reasonable doubt that Courneya knew he was involved in an accident on August 22, 2003. By the time his second trial began in November 2004, Courneya had notice that "knowledge" was an essential element of the offense with which he was charged and that he should therefore be prepared to defend against that element. The State acknowledges that it should have amended its information during the five months between Courneya's first and second trials but

asserts that its failure to do so did not deprive Courneya of proper notice.

¶15 The State posits that a reversal of Courneya's conviction would undercut the policy of protecting basically fair convictions from intentionally delayed postverdict challenges to the sufficiency of charging documents. *Kjorsvik*, 117 Wn.2d at 103, 108. During the five months between Courneya's first and second trials, he did not object to the insufficiency of the State's information. Likewise, Courneya did not object to the insufficiency of the State's information during his second jury trial in November 2004. It appears that the timing of Courneya's present objection is exactly the type of "sandbagging" the *Kjorsvik* court's liberal construction test sought to prevent. *See* 117 Wn.2d at 103, 108.

¶16 We could find no reported case involving a full trial with an unchallenged faulty information resulting in a mistrial and then a retrial with the same faulty charging document. But our Supreme Court has specifically stated that proper jury instructions cannot cure a defective information. *Vangerpen*, 125 Wn.2d at 788. Moreover, Washington and federal courts have strictly applied the rule. Without amendment of the charging documents, the sufficiency of other sources of the elements of the crime, such as the jury instructions, as the State urges here, the parties' closing argument, a separate but similar count in the same information, and a discussion with the defendant's attorney of the elements, have all been rejected if the information itself does not include all essential elements of the crime. *See State v. McCarty*, 140 Wn.2d 420, 426, 998 P.2d 296 (2000) (information charging conspiracy to deliver methamphetamine was insufficient because it did not allege the essential element that three people be involved in the conspiracy); *State v. Franks*, 105 Wn. App. 950, 958-59, 22 P.3d 269 (2001) (information insufficient when it included defendant's name in the caption of the information, but not in the document's charging language); *State v. Gill*, 103 Wn. App. 435, 442, 13 P.3d 646 (2000) (a missing element in one count cannot be drawn from its proper inclusion in another,

similar count). Despite the arguable satisfaction here of the notice policy explained in *Kjorsvik*, allowing such exceptions would soon eclipse the rule and likely erode the notice requirement entirely or embroil the courts and litigants in endless disputes about whether and when proper notice of the charged crime's elements were given to the defendant. Accordingly, we reject the State's invitation to begin eroding *Kjorsvik*'s bright-line rule that requires the information to advise the defendant of every essential element of the charged crime.

¶17 We reverse Courneya's conviction and dismiss without prejudice. Because of this conclusion, we do not reach Courneya's other arguments.

QUINN-BRINTNALL, C.J., and HOUGHTON, J., concur.

Review denied at 158 Wn.2d 1023 (2006).