FILED
COURT OF APPEALS
DIVISION II

2015 MAY 19 AM 9: 06

STATE OF WASHINGTON

BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46362-8-II |
| Respondent, | |
| v. | |
| THOMAS D. GIBSON, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Thomas D. Gibson appeals from his conviction for failing to register as a sex offender, arguing that the information failed to allege all of the essential elements of the crime. The State concedes that the information was defective but contends that the error was harmless. Rejecting the claim of harmless error, we reverse Gibson's conviction and remand for further proceedings.[1]

The information charging Gibson with failing to register as a sex offender lacked an allegation that he knowingly failed to register. He was convicted, but, for reasons unrelated to this appeal, the trial court granted him a new trial. In both trials, the to-convict instructions did include the element that Gibson knowingly failed to register.

---

[1] A commissioner of this court initially considered Dublin's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel.

Gibson argues that by omitting an allegation that he knowingly failed to register as a sex offender, the information failed to allege an essential element of the crime, rendering it defective and requiring the reversal of his conviction. *State v. Kjorsvik*, 117 Wn.2d 93, 105-06, 812 P.2d 86 (1991). The State concedes that the information was defective because it omitted the element of knowledge from the allegation that Gibson failed to report to the sheriff as require. However, the State argues that the error is harmless because the to-convict instruction from his first trial, which included the element of knowingly failing to register, put him on notice of that element before his second trial. *State v. Hopper*, 118 Wn.2d 151, 157-59, 822 P.2d 775 (1992).

We rejected the application of harmless error to a very similar situation in which an information omitted an essential element of the crime, the to-convict instruction contained the omitted element and the defendant went through a second trial. *See State v. Courneya*, 132 Wn. App. 347, 352-55, 131 P.3d 343, *review denied*, 158 Wn.2d 1023 (2006). In *Courneya*, we held:

> [O]ur Supreme Court has specifically stated that proper jury instructions cannot cure a defective information. . . . [A]nd federal courts have strictly applied the rule. Without amendment of the charging documents, the sufficiency of other sources of the elements of the crime, such as the jury instructions, as the State urges here, . . . have all been rejected if the information itself does not include all essential elements of the crime.

132 Wn. App. at 354.

And rejecting the State's argument that the to-convict instruction from the first trial put Courneya on notice of the omitted element before the second trial, we held:

> Despite the arguable satisfaction here of the notice policy explained in *Kjorsvik*, allowing such exceptions would soon eclipse the rule and likely erode the notice requirement entirely or embroil the courts and litigants in endless disputes about whether and when proper notice of the charged crime's elements were given to the defendant. Accordingly, we reject the State's invitation to begin eroding *Kjorsvik's* bright-line rule that requires the information to advise the defendant of every essential element of the charged crime.

132 Wn. App. at 355.

2

Applying *Courneya*, we reverse Gibson's conviction and remand for further proceedings. Because we reverse Gibson's conviction on this ground, we need not address Gibson's contentions raised in his Statement of Additional Grounds.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Johanson, C.J.

Maxa, J.