

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE FEB 2 7 2020

Stephens, C.J.

CHIEF JUSTICE

This opinion was
filed for record
at 8am on Feb. 27, 2020

Susan L. Carlson
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 97148-0 |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | En Banc |
| | ) | |
| JAMIE LYNNE HUGDAHL, | ) | |
| | ) | |
| Petitioner. | ) | |
| | ) | Filed FEB 2 7 2020 |

JOHNSON, J.—This case concerns the adequacy of a charging document in alleging statutory sentence enhancements for delivering controlled substances within a protected zone under RCW 69.50.435(1)(c). The statutory sentence enhancement under RCW 69.50.435(1)(c) applies where a delivery of a controlled substance occurs within 1,000 feet of a school bus route *stop*. Jamie Hugdahl's information alleged that she delivered controlled substances "within one thousand feet of a school bus *route*." Clerk's Papers (CP) at 58, 59 (emphasis added). Hugdahl first challenged the adequacy of the information on appeal, and a divided

Court of Appeals affirmed finding that the information provided constitutionally adequate notice of the enhancement. We reverse and find that the charging document omitted the facts necessary to charge the statutory enhancement. We vacate the sentencing enhancement and remand for resentencing.

FACTS AND PROCEDURAL HISTORY

In January 2017, Hugdahl was the target of two controlled drug buys executed by a confidential informant in the vicinity of a Safeway parking lot in Ellensburg, Washington. Hugdahl was subsequently charged by an information filed on March 16, 2017, which was amended twice. All three versions of the information alleged four counts of delivery of a controlled substance in violation of RCW 69.50.401(1). Count I was based on the first delivery of heroin. Counts II, III, and IV arose out of the second delivery involving methamphetamine, alprazolam, and ecstasy.

The second information did not allege any sentence enhancements. The first and final information included with each count:

> **AGGRAVATING CIRCUMSTANCES**: The State of Washington
> further alleges that the defendant did violate RCW 69.50.401 by
> manufacturing, selling, delivering, or possessing with the intent to
> manufacture, sell, or deliver a controlled substance listed under that
> subsection by selling for profit any controlled substance or counterfeit
> substance classified in schedule I, RCW 69.50.204, except leaves and
> flowering tops of marihuana, to a person within one thousand feet of *a*
> *school bus route* designated by the school district in violation of
> 69.50.435.

CP at 1, 2, 58, 59 (emphasis added).

A jury convicted Hugdahl of four counts of delivering a controlled substance and found by special verdicts that the crimes occurred "within one thousand feet of a school bus route stop." CP at 51, 53, 55, 57. Based on the jury's finding, Hugdahl was sentenced to a total of 64 months of confinement, which included a 24-month enhancement under RCW 69.50.435(1)(c) for the deliveries occurring within a protected zone.

Hugdahl first challenged the constitutional adequacy of the information on appeal, contending that the omission of the word "stop" rendered the information deficient in providing her notice of the sentence enhancement. The Court of Appeals applied the well-established rule from *State v. Kjorsvik*, 117 Wn.2d 93, 105-06, 812 P.2d 86 (1991), but disagreed on its application. The Court of Appeals majority affirmed the jury's finding and held that the information gave Hugdahl adequate notice of the bus stop enhancement because "[a]dvising a defendant that the crimes were committed within 1,000 feet of a bus route necessarily include[s] any bus stops along that route." *State v. Hugdahl*, No. 35428-8-III, slip op. at 6 (Wash. Ct. App. Apr. 2, 2019) (unpublished), https://www.courts.wa.gov/opinions/pdf/354288_unp.pdf. The Court of Appeals dissent concluded that the necessary facts did not appear in the information because a bus route is not equivalent to a bus stop. *Hugdahl*, No. 35428-8-III, slip

op. at 2 (dissent) ("[A] person who delivers controlled substances within 1,000 feet

of a designated school bus route does not violate the statutory aggravator. . . . [T]he

statutory aggravator is violated when a person delivers controlled substances

within 1,000 feet of a designated school bus route *stop*.").

Hugdahl petitioned for review on the sole issue of whether the omission of

the word "stop" rendered the information constitutionally deficient in charging her

with the statutory enhancement.[1] We granted review. *State v. Hugdahl*, 193 Wn.2d

1036, 447 P.3d 543 (2019).

## ANALYSIS

In a criminal case, the accused enjoys a constitutional right to notice of "the

nature and cause of the accusation against [her]." WASH. CONST. art. I, § 22. The

information is constitutionally adequate only if it sets forth all essential elements of

the crime, statutory or otherwise, and the particular facts supporting them. The

State bears this burden and failure to set forth the required elements and facts

renders the information deficient in charging the crime. *State v. Nonog*, 169 Wn.2d

220, 226, 237 P.3d 250 (2010).

Prosecutors must set forth their intent to seek enhanced penalties in the

information. *State v. Recuenco*, 163 Wn.2d 428, 434-35, 180 P.3d 1276 (2008)

---

[1] Hugdahl does not challenge the substantive underlying convictions for delivery of a controlled substance. The only issue before this court is the constitutional adequacy of the statutory enhancement charges.

(citing *State v. Crawford*, 159 Wn.2d 86, 94, 147 P.3d 1288 (2006)). Sentencing

enhancements must be alleged in the information because they increase the

sentence beyond the prescribed statutory maximum. *Recuenco*, 163 Wn.2d at 434.

The RCW 69.50.435(1)(c)[2] enhancement authorizes the court to double the penalty

for a violation of RCW 69.50.401 (delivery of a controlled substance) and

increases the standard sentence range by 24 months, RCW 9.94A.533(6). Since the

enhancement subjects defendants to increased penalties for the underlying crime of

delivery of a controlled substance, it must be charged in the information.

The inquiry is the same whether the charge at issue is a statutory

enhancement or a substantive crime. When analyzing a challenge to a charging

document the focus is on the adequacy of the information, not on the evidence,

testimony, or jury findings. *See State v. McCarty*, 140 Wn.2d 420, 427, 998 P.2d

296 (2000). Our cases establish that the inquiry is not whether the error is harmless

---

[2] RCW 69.50.435 states in relevant part: "(1) Any person who violates RCW 69.50.401 by manufacturing, selling, delivering, or possessing with the intent to manufacture, sell, or deliver a controlled substance listed under RCW 69.50.401 or who violates RCW 69.50.410 by selling for profit any controlled substance or counterfeit substance classified in schedule I, RCW 69.50.204, except leaves and flowering tops of marihuana to a person:
"(a) In a school;
"(b) On a school bus;
"(c) Within one thousand feet of a *school bus route stop* designated by the school district;
". . . .
"(j) . . . may be punished by a fine of up to twice the fine otherwise authorized by this chapter, but not including twice the fine authorized by RCW 69.50.406, or by imprisonment of up to twice the imprisonment otherwise authorized by this chapter, but not including twice the imprisonment authorized by RCW 69.50.406, or by both such fine and imprisonment. The provisions of this section shall not operate to more than double the fine or imprisonment otherwise authorized by this chapter for an offense." (Emphasis added.)

but whether the State satisfied its burden by including the necessary facts in the charging document. *See State v. Zillyette*, 178 Wn.2d 153, 162-63, 307 P.3d 712 (2013); *Nonog*, 169 Wn.2d at 226.

In this postconviction challenge to a charging document, we apply the *Kjorsvik* analysis. We construe the information liberally and evaluate two prongs: (1) whether "the necessary facts appear in any form, or by fair construction . . . in the charging document; and, if so, (2) can the defendant show that he or she was nonetheless actually prejudiced by the inartful language which caused a lack of notice." *Kjorsvik*, 117 Wn.2d at 105-06. Where the necessary facts are not found or fairly implied, prejudice is presumed and we need not reach the second prong. Even the most liberal reading cannot cure a charging document that does not give notice of or contain the essential elements of a crime. *Zillyette*, 178 Wn.2d at 162.

This case implicates only the first *Kjorsvik* prong. We must determine whether the necessary facts appear in any form or by fair construction on the face of the charging document. *Kjorsvik*, 117 Wn.2d at 105. When the information fails to use the exact statutory language, the question is whether all the words used would reasonably apprise the defendant of the elements of the crime charged. We read the words in the information "as a whole, construed according to common sense, and include facts which are necessarily implied." *Kjorsvik*, 117 Wn.2d at 109. Historically, it has not been necessary to use the exact words of the statute in

the information so long as the words used *equivalently or more extensively* signify the words of the statute.[3] *State v. Leach*, 113 Wn.2d 679, 686, 782 P.2d 552 (1989). This rule still applies post-*Kjorsvik*; the information must allege the elements "in terms equivalent to or more specific than those of the statute." *Nonog*, 169 Wn.2d at 226.

Where the charging language is equivalent to the statutory language, we have held that the missing statutory element is necessarily implied. In *McCarty*, we held that only the precise definition of "a simple conspiracy—an agreement between two or more people to commit a crime" could be necessarily implied from the term "unlawfully conspire" in the information. 140 Wn.2d at 427. We reasoned that the additional fact needed to allege a conspiracy of delivering a controlled substance—that a third party acted outside the incident of delivery—could not be implied because it went beyond the definition of "conspire."

In a similar vein, *Zillyette* evidences that a missing necessary fact cannot be implied from charging language that is broad and overinclusive. In *Zillyette*, neither the necessary fact of the identity of the controlled substance nor the

---

[3] The dissent cautions that *Leach* misstates the rule of *State v. Knowlton*: the information is sufficient if "words conveying the same meaning and import are employed." 11 Wash. 512, 518, 39 P. 966 (1895). But *Leach* and the subsequent cases, *Nonog* and *Zillyette*, are consistent with *Knowlton*'s rule because more specific language necessarily conveys only the "same meaning and import." Whereas, broader language conveys more than the particular meaning and poses the problem of being overinclusive. The preference for specificity also arises from the recognition that in some instances even the "mere recitation of the statutory language in the charging document may be inadequate." *Leach*, 113 Wn.2d at 688.

7

schedule it falls under could be implied from the information broadly alleging that the defendant "'unlawfully deliver[ed] a controlled substance . . . in violation of RCW 69.50.401.'" 178 Wn.2d at 163 (alterations in original). The drug at issue, methadone, could generally fall within the controlled substance category, yet alleging the category alone was insufficient. *Zillyette*, 178 Wn.2d at 160. It was overinclusive encompassing both criminal and noncriminal behavior because not all controlled substances can be the basis of a controlled substances homicide.

Under RCW 69.50.435(1)(c), a sentencing enhancement may be imposed where a delivery of a controlled substance occurs "[w]ithin one thousand feet of a *school bus route stop* designated by the school district." The statute defines "school bus route stop" as "a school bus *stop* as designated by a school district." RCW 69.50.435(6)(c) (emphasis added). But based on the statutory definition, the particular fact necessary to charge the enhancement is whether the delivery occurred within 1,000 feet of a school bus *stop*—not a school bus *route*. *See Nonog*, 169 Wn.2d at 226 (stating the information must allege "the particular facts supporting [the elements of the crime]"). Here, the information alleged that the delivery occurred "within one thousand feet of a school bus *route*." CP at 58, 59 (emphasis added).

Despite the omission of the word "stop," the information could be adequate if the fact is necessarily implied from the charging language. *Kjorsvik*, 117 Wn.2d

8

at 109. While a stop is a part of a bus route, to provide adequate notice an information must use language that is *equivalent to or more specific* than the statute. *Nonog*, 169 Wn.2d at 226. Language of greater specificity is sufficient, but not always required. The opposite occurred here. The information language, "bus route," is broader than the statutory language, "bus stop." A bus route is not equivalent to a bus stop. Nor is the term "bus route" more specific than the defined term in the statute, "school bus stop as designated by a school district." RCW 69.50.435(6)(c). Further, similar to the allegation in *Zillyette*, the allegation of the delivery occurring near a "bus route" is overinclusive. As the Court of Appeals dissent correctly reasoned, there are areas along the route that are not designated bus stops. A violation occurring within 1,000 feet of those areas would not necessarily be subject to the enhancement.[4]

We hold that the information fails the first *Kjorsvik* prong. The necessary fact of the delivery occurring within 1,000 feet of a school bus *stop* cannot be fairly found or implied from the allegation that the violation occurred within the 1,000 feet of a bus *route*. The State failed to charge a sentence enhancement.

The State contends that despite the omission, Hugdahl was reasonably apprised of the enhancement because (1) the proper jury instructions were given,

---

[4] The dissent would permit the information to provide more than the statute requires. Dissent at 4. But this interpretation glosses over the critical danger of language that is overinclusive, subjecting innocent conduct to heightened punishment.

9

(2) the statutory citation was included in the information, (3) Hugdahl cross-examined a witness about a bus route stop,[5] and (4) no bill of particulars was requested. Resp't's Reply to Pet. for Review at 9-13. This argument disregards that *Kjorsvik*'s focus is on the charging document and contravenes our cases, which have continuously rejected these arguments. Under the first prong of *Kjorsvik*, the State may not substitute the inquiry on the adequacy of the charges with a review akin to harmless error. The State cannot rely on trial testimony, jury instructions, or the failure to request a bill of particulars to cure a charging deficiency. *State v. Holt*, 104 Wn.2d 315, 321-22, 704 P.2d 1189 (1985); *see McCarty*, 140 Wn.2d at 427. The State bears the responsibility of notifying the defendant of the particular facts supporting the criminal accusation. *Nonog*, 169 Wn.2d at 225-26. The State cannot satisfy this obligation by mere inclusion of the numerical citation, otherwise the burden would be unfairly shifted to the accused and the constitutional requirements of article II, section 22 would be diminished. *Zillyette*, 178 Wn.2d at 162-63. If we agreed with such an argument, it would undermine the State's responsibility to specify the charges prior to trial.

---

[5] At trial, the State introduced a witness from the Ellensburg School District transportation department to testify about the designated bus route stop within close proximity to the site of Hugdahl's delivery.

10

## CONCLUSION

We reverse the Court of Appeals, vacate the 24-month sentence enhancement, and remand to the trial court for resentencing.

WE CONCUR:

*State v. Hugdahl (Jamie L.)*

No. 97148-0

MADSEN, J. (dissenting)—Jamie Hugdahl's information stated that she was charged with delivering controlled substances within the protected area of school bus stops. Specifically, the State charged Hugdahl with sentencing enhancements for delivering controlled substances "within [1,000] feet of a school bus route." Clerk's Papers (CP) at 59. But the information did not contain the word "school bus route *stop*" as set out in RCW 69.50.435(1)(c). The majority reasons that bus stops are distinct from bus routes, and thus the information is deficient for omitting the word "stop." Majority at 2, 8. I disagree.

Our case law directs us to read charging documents liberally and in favor of validity when, as here, they are challenged for the first time on appeal. *State v. Kjorsvik*, 117 Wn.2d 93, 102, 812 P.2d 86 (1991). We read these documents according to common sense, including facts that are implied, in order to determine if it "'reasonably apprise[s] an accused of the elements of the crime charged.'" *State v. Nonog*, 169 Wn.2d 220, 226-27, 237 P.3d 250 (2010) (alteration in original) (quoting *Kjorsvik*, 117 Wn.2d at 109). And, even "*missing* elements may be implied if the language supports such a result." *State v. Hopper*, 118 Wn.2d 151, 156, 822 P.2d 775 (1992) (emphasis added). This is just such a case.

School bus stops are included in school bus stop routes. A school bus stops along a designated route to pick up or drop off school children. A stop is part-and-parcel to a route. The necessary term "stop" is thus fairly implied on the face of the information. *See Kjorsvik*, 117 Wn.2d at 104. Because this fact is implied in the term "school bus route," when construed liberally and in favor of validity, the information reasonably apprised Hugdahl of the sentencing enhancement. *Id.* at 109; *Nonog*, 169 Wn.2d at 227. This is a commonsense reading of a charging document that, while imperfect, nonetheless provided notice of the sentencing enhancement.

The majority reasons that because a school bus route is broader than a bus stop, the language is not equivalent to or more specific than RCW 69.50.435(6)(c), as required by *Nonog*, 169 Wn.2d at 226. Majority at 9. Yet, we may properly imply a missing element if the language supports it, as it does here. *See Hopper*, 118 Wn.2d at 156. After implying the omitted word "stop," the language in Hugdahl's information would at least equivalently track the language of RCW 69.50.435(6)(c). The majority does not consider this outcome, concluding instead that an information that does not use verbatim statutory language must use language that is "equivalent to or more specific than the statute." Majority at 9 (emphasis omitted). We outlined this "equivalent to or more specific than" rule first in *Leach* and cited an early case as direct support for it: *State v. Knowlton*, 11 Wash. 512, 518, 39 P. 966 (1895). *Knowlton* states the rule slightly differently: "it is not necessary to use in an information the precise words of the statute, provided words *conveying the same meaning and import* are employed; and indeed the statute expressly

2

so provides." *Id.* (emphasis added); *see also State v. Moser*, 41 Wn.2d 29, 31, 246 P.2d 1101 (1952) (reciting the same language from *Knowlton*). *Knowlton* supports *Leach*'s statement that nonstatutory language must be equivalent to statutory language but does not require that language to be *more extensive* than the words in the statute. *Leach*'s "more specific than" requirement is simply not supported by *Knowlton*.

Indeed, such a rule cannot be the requirement. First, *Leach* paraphrases *Knowlton*, and its characterization is not supported by the language of that opinion: conveying the same meaning and import is not equivalent—let alone analogous—to conveying a *more* specific meaning. *Leach* plainly requires more than *Knowlton*, yet provides no other source of authority in support. Second, requiring more specificity than statutory language cannot be reconciled with our decision in *Kjorsvik*. There, we explained that it is not fatal that exact words of an element are not used in a charging document; the question is whether all the words used would reasonably apprise an accused of the charged crime. 117 Wn.2d at 109. *Knowlton*'s equal import and meaning rule accomplishes this purpose; *Leach*'s more specific requirement requires more.[1] I would hold that *Knowlton*

---

[1] The majority dismisses this critique, stating that *Leach* and subsequent cases comport with *Knowlton* because more specific language "necessarily conveys only the 'same meaning and import.' Whereas, broader language conveys more than the particular meaning and poses the problem of being overinclusive." Majority at 7 n.3. The majority's reasoning misses the point. *Knowlton* requires nonstatutory language to convey the same meaning and import as a statute. Consequently, an information can satisfy *Knowlton* by containing more specific language. But recognizing a circumstance that satisfies a requirement does not transform that circumstance *into* the requirement. Unfortunately, repeating the incorrect requirement from *Leach*, as the majority does here, makes the same mistake *Leach* and later cases have made: implicitly moving the goal posts. In the end, more specific language is sufficient, but it is not necessary.

is the correct statement of the law and recognize that *Leach*'s characterization is a misstatement of the case on which it relies. We should reaffirm *Knowlton* and cases correctly citing it, such as *Moser*, 41 Wn.2d at 31.

The majority relies on *Leach*'s incorrect more-specific-than requirement. *See* Majority at 9. But even under this burdensome rule, Hugdahl's charging document passes muster. By using school bus routes as opposed to school bus route stops, the information actually provided more information than RCW 69.50.435 requires.

The lack of the word "stop" did not unfairly burden Hugdahl with locating the relevant code and determining which enhancement applied. *See City of Auburn v. Brooke*, 119 Wn.2d 623, 634-35, 836 P.2d 212 (1992). The information did not simply reference RCW 69.50.435, it included a bolded heading notifying Hugdahl of the aggravating circumstances enhancement, and largely tracked the statutory language. CP at 58, 59 ("within [1,000] feet of a school bus route designated by the school district in violation of [RCW] 69.50.435.").

Moreover, Hugdahl was not prejudiced by the imperfect information. *Kjorsvik*, 117 Wn.2d at 105-06 (if necessary facts appear or can be found in a charging documents, the defendant must show he or she was actually prejudiced by the inartful language causing lack of notice). At trial, her attorney challenged the State's witness from the Ellensburg School District regarding the locations in the city not within 1,000 feet of a school bus stop and how the distance between stops is measured. 2 Jury Trial

4

Proceedings at 200-01. Hugdahl was aware of the enhancement and cannot show prejudice from the lack of a single word in the information.

Because I would hold that the charging document adequately notified Hugdahl of the sentencing enhancement when construed with common sense and in favor of validity, I respectfully dissent.

Madsen, J.

Yu, J

Stephens, C.J.