IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 38393-8-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MATHEW D. FAULKNER, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Mathew Faulkner appeals his judgment of conviction for second degree assault with a deadly weapon. We affirm the conviction but remand for resentencing.

FACTS

In the summer of 2020, Mathew Faulkner and his partner were having a disagreement in the street when Bryan May drove by and pulled over to tell the couple

to quiet down. Mr. Faulkner was angered and began yelling obscenities at Mr. May, who got out of his vehicle and told Mr. Faulkner to not yell at strangers. Mr. Faulkner approached Mr. May, reached into his pocket, then quickly flung his arm out. Mr. May heard the "click of a knife blade" and saw Mr. Faulkner's hand was "in a fist with his thumb upwards." 1 Report of Proceedings (July 16, 2021) at 35 Mr. May did not actually see a knife. Mr. May quickly fled and called 911.

Officers arrived. Mr. Faulkner repeatedly put his hands in his pockets, violating officers' instructions, and prompting them to handcuff Mr. Faulkner and frisk him for weapons. One of the officers recovered a knife from Mr. Faulkner's pocket.

The State charged Mr. Faulkner with one count of assault in the second degree with a deadly weapon and one count of disorderly conduct. In support of the assault charge, the information stated "that on or about the 27th day of July 2020, in Asotin County, Washington, [Mathew Faulkner] assaulted Bryan May with a deadly weapon." Clerk's Papers at 14.

Mr. Faulkner's case proceeded to a bench trial and the court heard testimony from Mr. May and the officer who found the knife. The officer demonstrated how the knife seized from Mr. Faulkner could be opened with one hand through a spring action. The court convicted Mr. Faulkner as charged.

Prior to sentencing, the State submitted a statement signed by Mr. Faulkner listing

Mr. Faulkner's criminal history, including crimes from other states. Based on the

statement, the State calculated Mr. Faulkner's offender score as six and the standard

range as 45 to 55 months' imprisonment, which included a 12-month deadly weapon

enhancement. The State asked for an exceptional sentence of 67 months, along with a

$500 crime victim penalty assessment and a $1,000 fine. The court rejected the

exceptional sentence request and imposed 50 months' incarceration. The court also

lowered the fine to $750 and ordered Mr. Faulkner to pay community custody supervision

fees as determined by the Department of Corrections.

Mr. Faulkner appeals.

ANALYSIS

*Sufficiency of the evidence*

Mr. Faulkner contends the State failed to present sufficient evidence to prove

he possessed a knife under circumstances satisfying the deadly weapon element of his

second degree assault conviction. The State disagrees, asserting that the evidence shows

Mr. Faulkner attempted to use the knife by removing it from his pocket, holding it before

him, and approaching Mr. May.

3

To determine whether sufficient evidence supports a conviction, this court views the evidence in the light most favorable to the State and asks whether any rational fact finder could have found the elements of the crime beyond a reasonable doubt. *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182 (2014). A sufficiency challenge admits the truth of the State's evidence and all reasonable inferences that can be drawn therefrom. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). The elements of a crime may be established by either direct or circumstantial evidence, and one type of evidence is no less valuable than the other. *State v. Brooks,* 45 Wn. App. 824, 826, 727 P.2d 988 (1986). This court defers to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence. *State v. Killingsworth*, 166 Wn. App. 283, 287, 269 P.3d 1064 (2012).

> In the current context, a "deadly weapon" as defined in RCW 9A.04.110(6)
>
> means any explosive or loaded or unloaded firearm, and shall include any other weapon, device, instrument, article, or substance, . . . which, under the circumstances in which it is *used, attempted to be used, or threatened to be used,* is readily capable of causing death or substantial bodily harm.

(Emphasis added).

This definitional statute creates two categories of deadly weapons. *In re Pers. Restraint of Martinez*, 171 Wn.2d 354, 365, 256 P.3d 277 (2011). The first is a deadly weapon per se, namely "'any explosive or loaded or unloaded firearm,'" and the second

is a deadly weapon in fact, namely an item "'which, under the circumstances in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or substantial bodily harm.'" *State v. Taylor,* 97 Wn. App. 123, 126, 982 P.2d 687 (1999) (quoting RCW 9A.04.110(6)).

This case involves the second category of deadly weapon, which requires an assessment of the circumstances surrounding a defendant's conduct. Here, we agree with the State that by thrusting his arm out and clicking open a switch-blade knife during a heated argument, Mr. Faulkner manifested a willingness to use the knife as a weapon against Mr. May. This was sufficient to meet the terms of the statutory definition of a "deadly weapon." *State v. Gotcher*, 52 Wn. App. 350, 356, 759 P.2d 1216 (1988).

*Sufficiency of the charging document*

Mr. Faulkner contends his criminal information was constitutionally deficient for failing to allege facts supporting the second degree assault charge. Because this claim was not raised at trial, it is governed by a liberal standard that favors validity. *State v. McCarty*, 140 Wn.2d 420, 425, 998 P.2d 296 (2000). The standard asks: (1) whether "the necessary facts appear in any form, or by fair construction can . . . be found, in the charging document; and, if so," (2) whether "the defendant [can] show that [they were]

nonetheless actually prejudiced by the inartful language which caused a lack of notice." *State v. Kjorsvik,* 117 Wn.2d 93, 105-06, 812 P.2d 86 (1991).

Mr. Faulkner focuses on the first prong of the standard and argues the information was insufficient because it failed to specify the type of deadly weapon used and the details of the assault. We disagree with this assessment. The information specified the offense date and the name of the victim. It used language that tracked the statutory definition of the offense and the standard jury instructions. RCW 9A.36.021(c)(1); 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 35.16, at 525 (5th ed. 2021). This was sufficient to notify Mr. Faulkner of the necessary facts of the charge. *State v. Hugdahl*, 195 Wn.2d 319, 326, 458 P.3d 760 (2020). Nothing more was required. *State v. Winings*. 126 Wn. App. 75, 84-86, 107 P.3d 141 (2005) (rejecting an analogous challenge in the second degree assault context). If Mr. Faulkner had believed the charge against him was vague, his recourse was to file for a bill of particulars. *State v. Leach*, 113 Wn.2d 679, 687, 782 P.2d 552 (1989).

Mr. Faulkner makes a passing claim that he is entitled to relief under the second prong of the foregoing analysis. He asserts, without citation to authority, that he is prejudiced by the lack of details in the information because he is exposed to being

6

recharged with the same offense in violation of his right to be free from double jeopardy.[1]

Mr. Faulkner's double jeopardy concern appears implausible. In any event, his argument is insufficiently developed to satisfy the requirements of RAP 10.3(a)(6). It therefore does not warrant review on the merits. *Brownfield v. City of Yakima*, 178 Wn. App. 850, 876, 316 P.3d 520 (2013) ("Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration.").

*Offender score*

Mr. Faulkner contends the court erroneously included out-of-state convictions in his offender score without conducting a comparability analysis.[2] The State argues Mr. Faulkner affirmatively acknowledged all of his prior convictions by signing the criminal history statement, thus no comparability assessment was required. The State is mistaken.

The State bears the burden of proving the existence of prior convictions used to determine a defendant's sentencing range. *State v. Mendoza*, 165 Wn.2d 913, 920, 205 P.3d 113 (2009). When a defendant's criminal history includes foreign convictions, they may qualify for inclusion in the offender score only if they meet a comparability analysis.

---

[1] U.S. CONST. amend. V; WASH. CONST. art. I, § 9.
[2] This is a claim that may be raised for the first time on appeal. *State v. Ross*, 152 Wn.2d 220, 229, 95 P.3d 1225 (2004).

RCW 9.94A.525(3). Defendants may waive the comparability requirement if they acknowledge both the existence and comparability of prior out-of-state convictions. *State v. Ross*, 152 Wn.2d 220, 230, 95 P.3d 1225 (2004).

The record here is insufficient to relieve the State of its burden. Many of Mr. Faulkner's convictions were sustained outside of Washington. All Mr. Faulkner did was acknowledge the existence of his prior convictions. This was not enough to establish his offender score. Mr. Faulkner never agreed his foreign convictions were comparable to Washington crimes. And the court never conducted a comparability analysis. Given these circumstances, the State failed to meet its burden of establishing the applicable offender score. *See State v. Lucero*, 168 Wn.2d 785, 789, 230 P.3d 165 (2010) (per curiam).

Remand for resentencing is therefore required. *State v. Thiefault*, 160 Wn.2d 409, 420, 158 P.3d 580 (2007).

*Discretionary fees and fines*

Mr. Faulkner challenges the court's imposition of the $750 fine and community custody supervision fees. Because we are remanding for resentencing, we need not address these arguments. We note that supervision fees are no longer applicable. *See* Former RCW 9.94A.703(2)(d) (2009), *repealed by* LAWS OF 2022, ch. 29, § 8.

CONCLUSION

Mr. Faulkner's judgment of conviction is affirmed. We remand for resentencing.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Staab, J.

9