**FILED**
**OCTOBER 3, 2023**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 38983-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| IVAN V. KRIGER, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Ivan Valentinovich Kriger appeals his convictions for attempted first degree theft and presenting a false insurance claim, arguing the State's charging document failed to include an essential element of the false insurance claim offense. Because Mr. Kriger's claim was not raised in the trial court, our review is deferential to the jury's guilty verdict. With this standard in mind, we find the charging document sufficient and reject Mr. Kriger's challenge. His convictions are therefore affirmed.

FACTS

In late December 2017, Ivan Valentinovich Kriger obtained a homeowners' insurance policy for his property in Spokane. Two weeks later, Mr. Kriger filed a water loss claim, indicating his pipes had frozen, causing flooding throughout the house. The insurance company assigned a claims adjuster to Mr. Kriger's case, who discovered that

the water service to Mr. Kriger's home had been shut off in September 2017 and had not

been turned back on until over two weeks after Mr. Kriger's alleged flooding incident.

Law enforcement became involved and the State eventually charged Mr. Kriger

with attempted first degree theft and presenting a false claim for insurance purposes. The

charging document provided the following language for Mr. Kriger's false claim charge:

> That the defendant, IVAN V. KRIGER aka EVAAN S. SOLOMON, in the
> State of Washington, on or about January 03, 2018, did present or cause to
> be presented, a false or fraudulent claim or any proof in support of such
> claim, for the payment of a loss under a contract of insurance, and said
> claim being in excess of $1,500.00.

Clerk's Papers at 32.

The case proceeded to trial and the jury convicted Mr. Kriger of both charges.

Mr. Kriger timely appeals from his judgment and sentence. The sole argument on appeal

is that the above-quoted charging language was constitutionally deficient because it failed

to include the mens rea element of knowledge.

## ANALYSIS

RCW 48.30.230(1)(a) requires the State to prove that the defendant presented a

"false or fraudulent" insurance claim, knowing the claim "to be such." Mr. Kriger points

out that the State's charging document failed to track this statutory language. Specifically,

the information omitted reference to the element of knowledge. According to Mr. Kriger,

this deficiency violated his constitutional right to notice and requires reversal of his convictions.

Because Mr. Kriger's claim is being raised for the first time on appeal, it is governed by a standard that liberally construes the charging document in favor of validity. *State v. Marcum*, 116 Wn. App. 526, 534, 66 P.3d 690 (2003). An information is sufficient under this standard if it contains some language from which notice of each required element of the offense can be found. *Id*. If facts supporting one or more elements cannot be fairly implied, prejudice is presumed and the charge must be reversed. *State v. Hugdahl*, 195 Wn.2d 319, 325, 458 P.3d 760 (2020). But if the terms used in the charging document are merely vague or inartful, reversal requires a showing of prejudice. *State v. Kjorsvik*, 117 Wn.2d 93, 106, 812 P.2d 86 (1991).

Liberally construed, the language in the State's charging document fairly implies the required element of knowledge. The use of the verb "present" conveys the idea that the defendant must have engaged in active, as opposed to passive conduct. Further, the item presented by the defendant must have been either "false or fraudulent." As Mr. Kriger concedes, the adjective "fraudulent" implies an element of knowledge since knowledge of falsity is an element of common law fraud. *See Martin v. Miller*, 24 Wn. App. 306, 308, 600 P.2d 698 (1979). Further, because the term "false" is described as

an alternative way of committing the same crime, a reasonable inference would be that knowledge must also be extended to the term "false." Indeed, the adjective "false" can be defined as something that is "intentionally untrue." WEBSTER'S THIRD NEW INT'L DICTIONARY 819 (1993). *See also* BLACK'S LAW DICTIONARY 745 (11th ed. 2019) (defining "false" as "[u]ntrue" and as "[d]eceitful; lying").

The State undoubtedly could have (and should have) used clearer language in its charging document. But Mr. Kriger does not claim that he was prejudiced by any ambiguity. His postconviction challenge to the sufficiency of the charging document therefore fails.

## CONCLUSION

The judgment of conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____    _____
Lawrence-Berrey, A.C.J.         Staab, J.

4