# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58796-3-II |
| Respondent, | |
| v. | |
| JEREMY MICHAEL PATCHELL, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, J. — Jeremy Patchell appeals his conviction for theft in the third degree. He argues the information and to-convict instruction failed to include an essential element of the offense. Specifically, he asserts the information and instruction failed to allege a common scheme or plan, where the State aggregated the value of the goods stolen to reach the threshold amount for theft in the second degree, and was therefore constitutionally deficient. Finding no error, we affirm.

FACTS

I.    BACKGROUND

Murray Fields owned a general contracting and building company.[1]  Patchell responded to one of Murray's Craigslist ads seeking employment. Fields interviewed Patchell and hired him at an hourly rate to work on a home remodel. Fields stated Patchell performed very well.

---

[1] It appears from trial testimony that Fields's wife, at the time, was also an owner of the company.

After this initial work, Fields offered Patchell more jobs. On March 6, 2022, Fields e-mailed Patchell several work orders that paid a flat rate upon completion of each job. Fields provided Patchell with tools to complete those jobs. On March 7, Patchell met Fields and his wife at a storage unit where Fields stored his tools. Patchell and Fields picked out the tools Patchell would need, and Patchell placed the tools into his car. Patchell was supposed to start the jobs that same day. Fields stated he told Patchell he was supposed to return the tools as soon as he was done with the jobs.

Fields stated that he never received any notifications from clients that the jobs had been completed. Fields attempted to contact Patchell to check on the status of the jobs. Patchell responded twice saying, "I'll call you back," but he never did. Rep. of Proc. (RP) (Sept. 27, 2023) at 183-84. Fields eventually had other employees complete the work. Fields sent dozens of text messages trying to contact Patchell and even went to his house. Fields also sent Patchell an e-mail stating his employment was being terminated and that he needed to return all tools and materials. Patchell never responded, and Fields reported the incident to law enforcement.

The State charged Patchell with one count of theft in the second degree. The information stated:

> That JEREMY MICHAEL PATCHELL, in the State of Washington, on or about the 7th day of March, 2022, did unlawfully, feloniously, and wrongfully obtain or exert unauthorized control over property and/or services other than a firearm or a motor vehicle, belonging to another, of a value exceeding $750, but that does not exceed $5,000, with intent to deprive said owner of such property and/or services, contrary to RCW 9A.56.020(1)(a) and 9A.56.040(1)(a), and against the peace and dignity of the State of Washington.

Clerk's Papers (CP) at 3.

2

II.     TRIAL AND JURY INSTRUCTIONS

At trial, Fields testified he reported that eight items were stolen.  Fields stated later that number was 12.  However, Fields ultimately testified to 14 items being taken.  According to Fields, the value per item of the tools and materials taken ranged from $8 to $600.[2]

The jury was given to-convict instructions on theft in the second degree and the lesser included theft in the third degree.  The to-convict instruction for theft in the third degree contained the following elements:

> (1) That on or about March 7, 2022, the defendant wrong fully obtained or exerted unauthorized control over property of another not exceeding $750 in value
> (2) That the defendant intended to deprive the other person of the property; and
> (3) That this act occurred in the State of Washington.

CP at 35.

The jury acquitted Patchell of theft in the second degree but found him guilty of theft in the third degree.  Patchell was sentenced to time already served.

Patchell appeals his conviction.

ANALYSIS

I.     SUFFICIENCY OF INFORMATION

Patchell argues for the first time on appeal that the information charging theft in the second degree was deficient because it failed to include a common scheme or plan as an essential element of the offense.  Patchell contends that to reach the minimum value required for theft in the second

---

[2] Fields testified that the following items with corresponding values were taken: Pressure washer ($400), air compressor ($150), compressor hose ($30), two valves ($25), chainsaw ($600), finish nailer ($140), nailer ($125), reciprocal saw (value unspecified), putty knife ($15), sheet of drywall ($18), box of mud ($8), tape measure ($26), hammer ($54), a key and lock set ($26).

degree, a factfinder would need to aggregate the value of the tools, and thus the State needed to charge the element of a common scheme or plan. We find no error.

A.      Legal Principles

"We review challenges to the sufficiency of a charging document de novo." *State v. Rivas*, 168 Wn. App. 882, 887, 278 P.3d 686 (2012).

"An information is constitutionally adequate under the federal and state constitutions 'only if it sets forth all essential elements of the crime, statutory or otherwise, and the particular facts supporting them.'" *State v. Derri*, 199 Wn.2d 658, 691, 511 P.3d 1267 (2022) (quoting *State v. Hugdahl*, 195 Wn.2d 319, 324, 458 P.3d 760 (2020)). If an information does not include an essential element of the offense, it fails to charge a crime. *State v. Courneya*, 132 Wn. App. 347, 351, 131 P.3d 343 (2006). These requirements exist "to give the accused notice of the nature of the allegations so that a defense may be properly prepared." *Id.* "Charging documents challenged for the first time on appeal will be more liberally construed in favor of validity than those challenged before or during trial." *Id.*

Theft means to "wrongfully obtain or exert unauthorized control over the property or services of another or the value thereof, with intent to deprive him or her of such property or services." RCW 9A.56.020(1)(a). To commit theft in the third degree, as relevant here, a person must commit "theft of property or services which (a) does not exceed seven hundred fifty dollars in value." RCW 9A.56.050.

B.      Analysis

The jury acquitted Patchell of theft in the second degree, so he cannot show prejudice from any alleged deficiency in the charging language for theft in the second degree. Theft in the third degree requires no aggregation to reach a threshold amount, as there is no threshold amount. *State*

*v. Tinker*, 155 Wn.2d 219, 222, 118 P.3d 885 (2005); RCW 9A.56.050. Accordingly, Patchell's contention fails.

2.  To-Convict Instruction

Patchell also argues the to-convict instruction for theft in the third degree was deficient because it failed to include the essential element of "a common scheme or plan" when the State relied on a theory of aggregation. Br. of Appellant at 13. But Patchell proposed the instruction that the trial court gave and that he now complains of. Review of this issue is thus precluded under the doctrine of invited error. We therefore affirm.

A.  Legal Principles

Challenges to to-convict instructions are reviewed "in the context of the jury instructions as a whole." *Rivas*, 168 Wn. App. at 891.

However, as the State notes, when a defendant proposes the instruction complained of on appeal, it is a classic case of invited error and our review of the instruction is precluded. *State v. Studd*, 137 Wn.2d 533, 546-47, 973 P.2d 1049 (1999); *State v. Henderson*, 114 Wn.2d 867, 868, 792 P.2d 514 (1990). "A party cannot request an instruction and later complain on appeal that the instruction should not have been given." *State v. Kincaid*, 103 Wn.2d 304, 314, 692 P.2d 823 (1985). The invited error doctrine applies even to instructions that may be constitutionally infirm. *State v. Boyer*, 91 Wn.2d 342, 345, 588 P.2d 1151 (1979).

B.  Analysis

Here, Patchell's proposed to-convict instruction on theft in the third degree was adopted by the trial court and is identical the to-convict instruction the court gave to the jury.

In this instruction, Patchell got exactly what he asked from the trial court. The error Patchell complained of was invited by him, and we decline to review this issue.[3]

## CONCLUSION

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, J.

We concur:

_____
Cruser, C.J.

_____
Che, J.

---

[3] We also note that instruction included all of the essential elements of theft in the third degree.