IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 37463-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| JACOB DANIEL LEVEL, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Jacob Level appeals his conviction for unlawfully possessing a stolen motor vehicle. He argues the amended information failed to adequately allege the required element of knowledge. Although Mr. Level did not preserve this argument prior to appeal, we agree with Mr. Level that the deficiency in the information requires reversal. Even under the liberal standard applicable to unpreserved informational errors, the charging document's allegation that Mr. Level "unlawfully" possessed a stolen vehicle was insufficient to convey an inference Mr. Level knew he both possessed the vehicle and that it was stolen.

While we reverse Mr. Level's conviction, we do so without prejudice. Contrary to Mr. Level's arguments, the alleged vehicle in this case—a moped—meets the statutory definition of a motor vehicle and is not subject to any exceptions. Thus, this matter may be subject to retrial.

## FACTS

A police officer stopped Jacob Level for driving a moped without wearing a helmet. The condition of the moped led the officer to suspect it was stolen. A review of the moped's VIN (vehicle identification number) confirmed this suspicion.

The State charged Mr. Level with possession of a stolen motor vehicle. The amended information, in pertinent part, charged Mr. Level with

> the crime of **Possession of a Stolen Motor Vehicle**, Count 5, the maximum penalty for which is 10 yrs. imprisonment and/or $20,000 fine, plus restitution, assessments and court costs, in that the said Jacob Daniel Level in the County of Stevens, State of Washington, on or about July 22, 2019, did unlawfully possess a stolen motor vehicle, to-wit: a Taotao Scooter, the property of Joseph Gonzales;
> Contrary to RCW 9A.56.068(1), and against the peace and dignity of the State of Washington.

Clerk's Papers (CP) at 55.

A jury convicted Mr. Level of the stolen vehicle charge. He timely appeals.

ANALYSIS

*Sufficiency of charging document*

The crime of possession of a stolen motor vehicle includes an element of knowledge. The type of knowledge required has two components: the defendant must both knowingly possess the motor vehicle and also act "with knowledge that the motor vehicle had been stolen." 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 77.21, at 177 (4th ed. 2016). Mr. Level claims the charge failed to apprise him of any component of knowledge, thereby violating his constitutional right to notice and requiring reversal of his conviction.

Because Mr. Level's claim is being raised for the first time on appeal, it is governed by a standard that liberally construes the charging document in favor of validity. An information is sufficient under this standard if it contains some language from which notice of each required element of the offense can be found. *State v. Marcum*, 116 Wn. App. 526, 534, 66 P.3d 690 (2003). "[A]ll essential elements of a crime, including nonstatutory elements such as knowledge, must be included." *Id.* If facts supporting one or more elements cannot fairly be implied, prejudice is presumed and the charge must be reversed. *State v. Hugdahl*, 195 Wn.2d 319, 325, 458 P.3d 760 (2020).

3

The State argues the element of knowledge can be implied from the allegation that Mr. Level "unlawfully" possessed "a stolen motor vehicle." CP at 55. The Supreme Court has issued two decisions addressing the issue of whether an allegation that an act was done unlawfully is sufficient to confer notice of some sort of criminal intent: *State v. Johnson*, 119 Wn.2d 143, 829 P.2d 1078 (1992) and *State v. Kjorsvik*, 117 Wn.2d 93, 812 P.2d 86 (1991). In both cases, our Supreme Court declined to adopt a universal rule regarding the impact of the word "unlawfully." But the decisions provide relevant guidance.

In *Kjorsvik*, the defendant was charged with first degree robbery. 117 Wn.2d at 95. The information alleged Mr. Kjorsvik "'did unlawfully take personal property, to-wit: lawful United States currency from the person and in the presence of Chris V. Balls, against his will, by the use or threatened use of immediate force, violence and fear of injury to such person or his property'" while armed with a knife. *Id.* at 96. Mr. Kjorsvik appealed, arguing for the first time that the information omitted the common law element of intent. The Supreme Court held that under the applicable liberal standard of review, the charging document was sufficient. Common sense dictates that one who unlawfully takes money by use or threat of deadly force does so intentionally, not by accident. Therefore,

4

the allegations set forth in Mr. Kjorsvik's information were sufficient to confer an inference of intent.

*Johnson* involved a drug trafficking charge. The information alleged Mr. Johnson "'did unlawfully deliver a controlled substance; to wit: cocaine.'" *Johnson*, 119 Wn.2d at 145. Unlike what happened in *Kjorsvik*, Mr. Johnson preserved an objection in the trial court to the sufficiency of the information. The objection was unsuccessful, but on appeal the Supreme Court reversed. Using the strict standard of construction applicable to preserved errors, the court held that the adverb "unlawfully" was insufficient to convey the element of intent. *Id.* at 149-50. The court stated the outcome might not have been the same had Mr. Johnson not preserved an objection at trial. The court pointed to its decision in *Kjorsvik* and explained that the adverb "unlawfully" may sometimes be sufficient to allege intent. *Id.*

Cases from this court have indicated that an allegation of "'unlawful and felonious'" conduct is sufficient to imply guilty knowledge in the context of drug delivery and firearm offenses. *State v. Nieblas-Duarte*, 55 Wn. App. 376, 380-81, 777 P.2d 583 (1989) (drugs); *State v. Cuble*, 109 Wn. App. 362, 368, 35 P.3d 404 (2001) (firearms). But none of our decisions have held that knowledge can be inferred from the use of "unlawfully" in the context of a possession of stolen property charge.

5

We discern from prior case law that the adverb "unlawfully" can convey a mental

state element (such as knowledge or intent) when permitted by common sense inferences.

Thus, where the mental state required for an offense is straightforward or where the facts

alleged in the charge would be hard to accomplish without the defendant holding the

required mental state, the requisite mental state may be inferred under a liberal standard

of review. But as recognized in *Johnson* and *Kjorsvik*, there is no bright line rule. Even

when the liberal standard of review applies, our case law requires a charging document

be sufficiently specific as to the elements of the offense so that it does not require

independent research. *See City of Auburn v. Brooke*, 119 Wn.2d 623, 635, 836 P.2d 212

(1992).

When it comes to crimes punishing simple possession of contraband, the mental

state required by the law is not a matter of obvious common sense. *See Rehaif v.

United States*, __U.S.__, 139 S. Ct. 2191, 2194, 204 L. Ed. 2d 594 (2019). Sometimes

the legislature prohibits possession without any knowledge requirement. *Id.* at 2197;

*State v. Blake*, 197 Wn.2d 170, 179, 481 P.3d 521 (2021). Other times, the legislature

requires knowledge only as to the corpus of the object possessed. *See Marcum*, 116 Wn.

App. at 535 (felon in possession statute requires proof only of knowing possession of a

firearm, not knowledge that possession is illegal). In still other circumstances—like the

one here—proof of knowledge is multifaceted; the State must not only prove knowing

possession of a specific object, but also that the defendant knew of the object's illicit

properties.

According to the State, Mr. Level could have discerned the level of knowledge

required for his offense by consulting the applicable statutes. *See* RCW 9A.56.140(1)

("'Possessing stolen property' means knowingly to receive, retain, possess, conceal, or

dispose of stolen property knowing that it has been stolen and to withhold or appropriate

the same to the use of any person other than the true owner or person entitled thereto.").

Apart from the fact that the amended information in this case failed to cite the statute

defining possession of stolen property,[1] this argument runs counter to the governing case

law. *Brooke*, 119 Wn.2d at 627, 635 (holding that citing the governing code and title of

the offense is insufficient to charge a crime, even under a liberal standard of review,

unless the wording used apprises the defendant of all essential elements of the offense).

The case law governing unlawful possession offenses shows the mere fact

possession of a certain object is "unlawful" does not mean the possession was

accompanied by a specific type of knowledge. Given the state of the law, an

---

[1] The only statute cited in the amended information for the count in question is RCW 9A.56.068(1), which states: "A person is guilty of possession of a stolen motor vehicle if he or she [possesses] a stolen motor vehicle." (Alteration in original.)

7

information's allegation that the defendant acted unlawfully is insufficient to convey an inference that the conduct was done with a mental state of knowledge. This is true even under the liberal standard of review applicable to challenges raised for the first time on appeal. Thus, the inclusion of the adverb "unlawfully" in Mr. Level's amended information does not satisfy the requirements of sufficient notice.

The remaining language in the State's amended information is insufficient to fill in the gaps. Unlike *Kjorsvik*, this is not a case where the required element of knowledge is apparent from the information's description of Mr. Level's alleged conduct. Because possession can sometimes be without the type of knowledge required for a stolen motor vehicle charge, one can easily read the contents of the amended information without inferring all necessary elements of the offense. The State tries to salvage the amended information by pointing to the allegation that the moped was the property of someone other than Mr. Level. That contention is inadequate. It says nothing about Mr. Level's knowledge. It merely confirms that the moped was stolen. Even under the liberal standard of appellate review applicable to an unpreserved challenge to an information's sufficiency, the conviction for this charge against Mr. Level must be reversed.

*Whether a moped is a motor vehicle*

In addition to challenging the contents of the amended information, Mr. Level

argues his conviction cannot stand because a moped does not qualify as a motor vehicle

under Washington's stolen motor vehicle statute. Should Mr. Level prevail on this

argument, retrial would be precluded. We therefore address the merits of Mr. Level's

claim. Our analysis of this statutory claim is de novo. *State v. Ervin*, 169 Wn.2d 815, 820,

239 P.3d 354 (2010).

"A person is guilty of possession of a stolen vehicle if he or she [possesses] a

stolen motor vehicle." RCW 9A.56.068(1) (alteration in original). The criminal statute

does not define motor vehicle. However, in *State v. Van Wolvelaere*, the Supreme Court

settled on the following definition based on cross-referenced statutes:[2] "[A] motor vehicle

is a self-propelled device (a description of its mechanics) that is capable of moving and

---

[2] Although the stolen vehicle statute does not define motor vehicle, the
Washington Criminal Code, Title 9A RCW, states a "'[v]ehicle' means a 'motor vehicle'
*as defined in the vehicle and traffic laws*, any aircraft, or any vessel equipped for
propulsion by mechanical means or by sail." RCW 9A.04.110(29) (emphasis added). The
vehicle and traffic laws define a "vehicle" as a "device capable of being moved upon a
public highway and in, upon, or by which any persons or property is or may be
transported or drawn upon a public highway." Former RCW 46.04.670 (2011). A motor
vehicle is further defined as a "vehicle that is self-propelled [or] a vehicle that is
propelled by electric power obtained from overhead trolley wires, but not operated upon
rails." Former RCW 46.04.320 (2010).

transporting people or property on a public highway (a description of its function)."

195 Wn.2d 597, 601, 461 P.3d 1173 (2020).

A moped readily meets the statute-derived definition set forth in *Van Wolvelaere*. Being "motorized," it meets the mechanical definition of being self-propelled. *See* RCW 46.04.304. With a speed of up to 30 miles per hour, a moped is capable of transporting people on a public highway. *See id.*

Mr. Level challenges this understanding of *Van Wolvelaere*, pointing out the legislature used the word "device" when describing a moped instead of the word "vehicle." *Id.* This contrasts with the definition of a snowmobile, which was addressed in *Van Wolvelaere.* Unlike a moped, a snowmobile is defined as a "self-propelled vehicle." RCW 46.04.546.

Mr. Level's attempt to distinguish *Van Wolvelaere* is unconvincing. The legislature defined "vehicle" by describing it as a "device." Former RCW 46.04.670 (2011). The statute defining "moped" specifies that a moped must be "motorized." RCW 46.04.304. When crafting a generalized definition of motor vehicles for purposes of the criminal statute in *Van Wolvelaere*, the Supreme Court used the word "device," not "vehicle." 195 Wn.2d at 601. It is abundantly clear, based on the combination of definitional statutes and the Supreme Court's decision in *Van Wolvelaere*, that a moped

meets the general statutory definition of a motor vehicle.

Mr. Level also argues that even if a moped meets *Van Wolvelaere*'s definition,

a moped still does not qualify for prosecution as a stolen vehicle because mopeds are

excluded from the definitional scheme relied on in *Van Wolvelaere*. The statutory

exclusions cited by Mr. Level are set forth in RCW 46.04.320(3)(d) (motor vehicle) and

RCW 46.04.670(2)(b) (vehicle). Br. of Appellant at 11. These two statutes do contain

exclusions regarding mopeds; however, the exclusions do not help Mr. Level. The two

cited statutes exclude mopeds from the definition of a "motor vehicle" and "vehicle" only

for purposes of chapter 46.70 RCW. This chapter has to do with vehicle distribution and

sales. Mopeds are not excluded from the motor vehicle definition for other purposes.[3]

Significantly, mopeds are not excluded from the motor vehicle definition for purposes of

the theft and robbery chapter of the Washington Criminal Code, Title 9A RCW. Because

the statutory exception is limited in a way that is inapplicable to this case, we do not find

mopeds excluded from *Van Wolvelaere*'s motor vehicle definition.

---

[3] Prior to 1994, mopeds were subject to a different definition. *See* FINAL B. REP. ON ENGROSSED SUBSTITUTE H.B. 2224, 53d Leg., Reg. Sess. (Wash. 1994). Under the version of RCW 46.04.670 that had been in effect since 1991, mopeds were "considered motor vehicles for purposes of vehicle registration (Chapter 46.12), but not for vehicle dealer regulation (Chapter 46.70)." *Id*. at 1. The 1994 amendment meant "[m]opeds are considered vehicles except in the case of dealer licensing statutes." *Id*. at 2.

Mopeds meet the general statutory definition of a motor vehicle and no exceptions to the definition apply in the current context. Given these circumstances, a moped qualifies for prosecution under the stolen motor vehicle statute, RCW 9A.56.068.

CONCLUSION

Mr. Level's conviction for possession of a stolen motor vehicle is reversed without prejudice. We remand to the trial court for further proceedings consistent with the terms of this decision.

_____
Pennell, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Fearing, J.