IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 82538-1-I |
| Respondent, | |
| v. | DIVISION ONE |
| RYAN LLOYD ENOS, | UNPUBLISHED OPINION |
| Appellant. | |

SMITH, J. — Ryan Enos was charged with possession of a stolen motor vehicle and taking a motor vehicle without permission after he took a moped for a test drive and did not return. At trial, Enos stipulated that a moped is a motor vehicle. The court found Enos guilty on both counts and vacated the taking conviction on double jeopardy grounds.

Enos appeals, contending that the moped was not a motor vehicle and that he received ineffective assistance of counsel when his attorney stipulated that it was a motor vehicle. We conclude that there was sufficient evidence to establish that the moped was a motor vehicle. However, we reverse and remand for the court to reinstate the taking conviction, vacate the possession conviction, and resentence Enos accordingly.

FACTS

On September 11, 2019, Enos walked by Sean Mahan's mobile home in Portland, Oregon, and saw a 2009 Piaggio Fly moped for sale. Mahan had asked his roommate, Andrew Colton, to sell the moped, and Colton was standing

Citations and pin cites are based on the Westlaw online version of the cited material.

outside the home when Enos came by. Enos expressed interest in buying the moped and asked if he could take it for a test drive. Colton agreed he could drive the moped around the mobile home park, and Enos gave Colton his Washington identification card to hold on to while he did so.

Enos took the moped for a short drive, returned, and then asked if he could take it out again. Colton again agreed. The second time, Enos did not return but instead drove the moped to an apartment complex in Vancouver, Washington Enos did not have permission to do this, did not have contact information for Colton or Mahan, and had not made an agreement to pay for the moped.[1]

Colton reported the moped as stolen, and 36 hours later a Vancouver police officer spotted the moped parked in a flower bed outside the apartment complex where Enos had left it. Enos was arrested shortly thereafter.

The State charged Enos with possession of a stolen motor vehicle and second-degree taking a motor vehicle without permission. The case proceeded to a bench trial, and at the onset of trial, Enos's counsel stipulated that a moped was included in the definition of a motor vehicle. The court found Enos guilty on both counts and vacated the taking count on double jeopardy grounds.

Enos appeals.

---

[1] On appeal, Enos assigned error to some of the trial court's findings about these issues. However, in his brief, he abandons all of these challenges and focuses only on whether the moped is a motor vehicle and whether the court appropriately vacated the taking charge. "A party that offers no argument in its opening brief on a claimed assignment of error waives the assignment." Brown v. Vail, 169 Wn.2d 318, 336 n.11, 237 P.3d 263 (2010).

ANALYSIS

Enos asks us to reverse his convictions on the grounds that he did not steal or possess a "motor vehicle" because a moped is not a motor vehicle. He also contends that the court erred by vacating the taking charge and should have vacated the possession charge instead. We address each contention in turn.

Determination of Whether a Moped is a Motor Vehicle

Enos contends that as a matter of law, a moped is not a motor vehicle. In the alternative, he contends that he received ineffective assistance of counsel when his attorney stipulated that a moped is a motor vehicle. Because a moped is a motor vehicle for purposes of chapter 9A.56 RCW, and therefore his attorney's stipulation did not affect the outcome of the proceeding, neither argument is persuasive.

Statutory interpretation is a question of law, which we review de novo. State v. Ervin, 169 Wn.2d 815, 820, 239 P.2d 354 (2010). A claim of ineffective assistance of counsel requires a showing that the attorney performed deficiently and that if he had performed effectively, there is a reasonable probability that the outcome of the proceeding would be different. State v. Estes, 188 Wn.2d 450, 457-58, 395 P.3d 1045 (2017).

A person is guilty of second-degree taking a motor vehicle without permission if they intentionally take or drive away a motor vehicle without permission. RCW 9A.56.075. A person is guilty of possession of a stolen vehicle if they possess a stolen motor vehicle. RCW 9A.56.068. This title of the RCW does not define "motor vehicle," but does define "vehicle" as including "a

'motor vehicle' as defined in the vehicle and traffic laws." RCW 9A.04.110(29). Based on the vehicle and traffic laws, our Supreme Court concluded that the definition of a motor vehicle for purposes of chapter 9A.56 RCW is "a self-propelled device (a description of its mechanics) that is capable of moving and transporting people or property on a public highway (a description of its function)."[2] State v. Wolvelaere, 195 Wn.2d 597, 601, 461 P.3d 1173 (2020).

In State v. Level, __ Wn. App. 2d __, 493 P.3d 1230, 1234 (2021), Division Three of this Court concluded that "[a] moped readily meets [this] statute-derived definition." The court explained that under RCW 46.04.304, mopeds are motorized and can travel at a speed of up to 30 miles per hour. Level, 493 P.3d at 1234. It therefore concluded that mopeds are self-propelled and can transport people on public highways. Level, 493 P.3d at 1234.[3]

Here, the evidence at trial was that the Piaggio Fly is a 49.99 cc (cubic centimeters) gas vehicle that Enos drove from Portland to Vancouver. This is sufficient evidence to conclude that it is a self-propelled device that can transport people on public highways. Therefore, we conclude that it is a motor vehicle.

Enos disagrees and notes that the definition of "motor vehicle" in RCW 46.04.320(3)(d) excludes mopeds "for the purposes of chapter 46.70

---

[2] A "highway" is "the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel." RCW 46.04.197.

[3] The State notes that, although witnesses, counsel, and the court referred to the Fly as a moped, there was no evidence that the Fly actually met the statutory definition of a moped. However, because the evidence did establish that it met the requirements for a motor vehicle under the Wolvelaere definition, this does not change our analysis.

RCW," which regulates vehicle manufacturers and distributers. However, as the Level court explained, this does not mean mopeds are excluded from the definition of motor vehicles for purposes of chapter 9A.56 RCW. Level, 493 P.3d at 1234. Enos also notes that the statutory definition of moped refers to a "motorized device" rather than a "vehicle." RCW 46.04.304. Again, the Level court dismissed this argument, observing that the Wolvelaere motor vehicle definition also uses the word "device," not "vehicle." Level, 493 P.3d at 1234. Finally, Enos contends that the definition of motor vehicle is ambiguous, meaning that the rule of lenity requires us to interpret the statute in his favor. City of Seattle v. Winebrenner, 167 Wn.2d 451, 462, 219 P.3d 686 (2009). Because we conclude that the definition of motor vehicle unambiguously encompasses mopeds, including the Piaggio Fly, the rule of lenity does not apply.

Because the Piaggio Fly is a motor vehicle, and therefore counsel's stipulation to that effect did not change the outcome of trial, we conclude that the State met its burden to show that Enos took and possessed a motor vehicle.

Vacation of Taking Charge

Enos also contends that the trial court erred by vacating his conviction for taking a motor vehicle instead of his conviction for possession of a stolen motor vehicle. The State concedes that this was error, and we agree.

Because "one cannot be both the principal thief and the receiver of stolen goods," a person may not be punished for both stealing an item and possessing the item. State v. Hancock, 44 Wn. App. 297, 301, 721 P.2d 1006 (1986). When a person "is convicted of both taking and possession, the proper remedy is to

dismiss the possession charge." <u>State v. Melick</u>, 131 Wn. App. 835, 842, 129 P.3d 816 (2006). Here, the court vacated the taking charge instead of the possession charge. This was error and should be remedied on remand.

We reverse and remand for the court to vacate Enos's possession conviction, to reinstate his conviction for taking a motor vehicle without permission, and to resentence Enos accordingly.

WE CONCUR:

Andrus, A.C.J.