IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 38214-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ROBERT JAMES ROGERS, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Robert James Rogers appeals his convictions for forgery (four counts), second degree identity theft (four counts), second degree theft (one count), unlawful possession of payment instruments (one count), and possession of a stolen motor vehicle (one count). The victim in the stolen motor vehicle conviction is a man named Ron Fode. The remaining convictions pertain to a victim by the name of Leroy Buchanan. We reject all of Mr. Rogers's claims of error except for his challenge to the stolen motor vehicle conviction, which we reverse without prejudice. This matter is otherwise affirmed.

## FACTS

In July 2019, Robert James Rogers entered Washington Federal Bank in Spokane County and attempted to cash a forged check, ostensibly issued to him by Keith Funston.

The teller became suspicious and informed Mr. Rogers that Mr. Funston would need to verify the check. Mr. Rogers told the teller he would leave and retrieve Mr. Funston.

Washington Federal Bank called Mr. Funston and informed him that an unknown male had attempted to cash a check ostensibly issued by Mr. Funston for $1,400. The next morning, Mr. Funston drove from his home in Stevens County to Washington Federal Bank and viewed photographs of the man who tried to cash the check. Mr. Funston did not recognize the individual in the video nor had he written him a check. When Mr. Funston returned home, he inspected his checkbook and discovered three checks were missing. Mr. Funston later learned his nephew-in-law and a friend stole the checks while housesitting for Mr. Funston.

Detective Mark Coon of the Stevens County Sheriff's Office was assigned the case involving Mr. Funston's check. He viewed video from Washington Federal Bank and identified Mr. Rogers based on Mr. Rogers's distinctive tattoos and bracelet.

Detective Coon got in touch with Detective Dustin Hughes of the Colville Police Department, who was working on a similar forgery case involving Mr. Rogers. In that case, Mr. Rogers was believed to have cashed or attempted to cash checks in Stevens County ostensibly written by a deceased man, Leroy Buchanan. The two detectives viewed surveillance video from different businesses at which Mr. Rogers attempted to

cash forged checks and established probable cause for Mr. Rogers's arrest. He was arrested soon after while driving a stolen vehicle that was registered to an individual named Ronald Fode.

Mr. Rogers was charged in Stevens County with 11 counts pertaining to the Buchanan investigation and possession of Mr. Fode's car (collectively the Buchanan case). He was separately charged in Stevens County with several offenses in the Funston case. The trial court granted the State's unopposed motion to try the Funston and Buchanan cases jointly. In the order granting the motion, it is noted that Mr. Rogers did not object to joinder. During a pretrial hearing, defense counsel commented that separate trials could result in lengthy consecutive sentences. The first trial in February 2021 resulted in a hung jury and the court declared a mistrial. Defense counsel did not meet with the jurors following the mistrial.

In April 2021, the case again proceeded to trial. Prior to trial, defense counsel made an oral motion to sever the Funston and Buchanan cases. The State opposed the motion, arguing that even if the cases were tried separately, much of the evidence would overlap. The trial court denied the motion to sever.

At trial, the State introduced surveillance video of Mr. Rogers attempting to cash the Funston check in Spokane County and cashing one of the Buchanan checks at a gas

3

station in Stevens County. The State also elicited testimony from the detectives assigned to each of the cases regarding how they came to identify Mr. Rogers.

During the jury instruction conference, the court brought up the issue of the joint trial and asked defense counsel if Mr. Rogers wanted to renew his motion to sever. Counsel responded in the negative.

The jury convicted Mr. Rogers on all counts charged in both the Funston and Buchanan cases. Sentencing took place on April 27, 2021. On that date, Mr. Rogers faced sentencing not only for the Funston and Buchanan cases, but also convictions in two additional cases for bail jumping and trafficking in stolen property. At sentencing, the State proffered evidence of Mr. Rogers's foreign convictions, two of which defense counsel agreed were comparable to Washington crimes and should be included in Mr. Rogers's offender score. With respect to the Funston and Buchanan cases, the trial court imposed concurrent sentences of 57 months. The court also imposed a concurrent 57-month sentence for bail jumping. But the court ordered an exceptional sentence as to the trafficking in stolen property case, in which the court imposed a term of 84 months, to run consecutively.

Mr. Rogers timely appeals his judgment and sentence.

ANALYSIS

*Joinder/Consolidation*

Mr. Rogers argues the Buchanan and Funston cases were improperly joined for trial. Mr. Rogers also contends that he was deprived of effective assistance of counsel because defense counsel agreed to consolidation and did not renew the motion to hear the two cases separately before or at the close of the evidence.[1] Because Mr. Rogers did not preserve an objection to consolidation at trial, he can obtain relief on appeal only if he can establish his attorney's failure to object deprived him of effective assistance of counsel.

To establish ineffective assistance of counsel, Mr. Rogers must show (1) "defense counsel's conduct was deficient, i.e., that it fell below an objective standard of reasonableness" and (2) "the deficient performance resulted in prejudice, i.e., that there is a reasonable possibility that, but for the deficient conduct, the outcome of the proceeding would have differed." *State v. Reichenbach,* 153 Wn.2d 126, 130, 101 P.3d 80 (2004). Counsel's representation is not deficient if it "can be characterized as legitimate trial

---

[1] The parties confuse joinder of offenses under CrR 4.3 with consolidation of related offenses for trial under CrR 4.3.1. Joinder and consolidation are related, yet distinct concepts. *See State v. Bluford*, 188 Wn.2d 298, 305-06, 393 P.3d 1219 (2017). CrR 4.3 governs only the joinder of multiple offenses in a single charging document. CrR 4.3.1 addresses consolidation of offenses or defendants for purposes of trial. This distinction, however, is inapplicable to our current analysis.

strategy or tactics." *State v. Kyllo*, 166 Wn.2d 856, 863, 215 P.3d 177 (2009). Failure to

meet either prong of this test is dispositive of an ineffective assistance claim. *State v.*

*Sosa*, 198 Wn. App. 176, 185, 393 P.3d 796 (2017).

Here, even if Mr. Rogers had a viable objection to consolidation, counsel's

decision to forego an objection was reasonably strategic. Counsel recognized that

simultaneous trials would have the advantage of concurrent sentencing. We are not in a

position to second guess trial counsel's determination that the benefits of concurrent

sentencing outweighed the potential prejudice of separate trials. Mr. Rogers has not

shown his attorney performed deficiently in failing to preserve an objection.

*Sufficiency of the evidence*

In his assignment of error section, Mr. Rogers contends the State failed to prove

every element of the crime of possession of a stolen motor vehicle beyond a reasonable

doubt. Mr. Rogers, however, fails to support this assignment of error with any argument

in his briefing. We decline review. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d

801, 809, 828 P.2d 549 (1992).

*Deficient information*

Mr. Rogers argues the information charging him with possession of a stolen motor

vehicle is deficient for failing to include the essential element of "knowledge." The State

6

concedes that, following the mistrial, it filed an amended information which failed to include the "knowledge" element for the crime of possession of a stolen motor vehicle. We accept this concession pursuant to our analysis in *State v. Level*, 19 Wn. App. 2d 56, 62-63, 493 P.3d 1230 (2021).

The stolen motor vehicle conviction is reversed without prejudice.

*Meeting with jurors*

Mr. Rogers contends his trial counsel provided ineffective assistance by failing to meet with the jurors from the mistrial to determine why the jury could not reach a verdict. Mr. Rogers does not point to any authority requiring defense counsel to meet with jurors, nor can he demonstrate prejudice from counsel's failure to do so. While it certainly would be preferable for defense counsel to meet with jurors when the court gives permission to after a hung jury, Mr. Rogers points to no authority demonstrating that the failure to do so constitutes ineffective assistance of counsel.[2]

*Comparability of foreign convictions*

Mr. Rogers argues defense counsel was ineffective for stipulating to the comparability of the California and Montana convictions without requiring the court to

---

[2] The initial trial took place in February 2021. We do not know whether COVID concerns may have impacted defense counsel's decision not to meet with jurors.

conduct a comparability analysis. Because the record does not show the California and

Montana convictions fail the comparability analysis, Mr. Rogers has not demonstrated

deficient performance.

Under Washington's Sentencing Reform Act of 1981, chapter 9.94A RCW, out-of-

state convictions can be included in a defendant's offender score if they are comparable to

a Washington offense. A two-part test governs the comparability analysis. *State v.*

*Thiefault*, 160 Wn.2d 409, 414-15, 158 P.3d 580 (2007). The first part involves legal

comparability. The second part looks to factual comparability. *Id*. at 415.

Legal comparability involves an analysis of the applicable elements. If the

Washington offense and foreign offense have substantially the same elements or if the

elements of the foreign conviction are narrower than those of the Washington offense,

legal comparability is met. Should legal comparability be satisfied, the conviction

qualifies for inclusion in the offender score and the court need not look to factual

comparability.

Factual comparability comes into play if the elements of the foreign offense are

broader than the Washington offense. When looking to factual comparability, the question

is whether the facts admitted or proven beyond a reasonable doubt in the foreign tribunal

would have been sufficient to justify a Washington conviction. *State v. Morley,* 134

Wn.2d 588, 606, 952 P.2d 167 (1998); *In re Pers. Restraint of Lavery,* 154 Wn.2d 249,

258, 111 P.3d 837 (2005).

*California conviction*

The California conviction at issue in Mr. Rogers's appeal involved a violation of

sections 2800.1 and 2800.2 of the California Vehicle Code. These statutes provide:

> (a) Any person who, while operating a motor vehicle and with the intent to evade, willfully flees or otherwise attempts to elude a pursuing peace officer's motor vehicle, is guilty of a misdemeanor punishable by imprisonment in a county jail for not more than one year if all of the following conditions exist:
>
> > (1) The peace officer's motor vehicle is exhibiting at least one lighted red lamp visible from the front and the person either sees or reasonably should have seen the lamp.
> >
> > (2) The peace officer's motor vehicle is sounding a siren as may be reasonably necessary.
> >
> > (3) The peace officer's motor vehicle is distinctively marked.
> >
> > (4) The peace officer's motor vehicle is operated by a peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2 of the Penal Code, and that peace officer is wearing a distinctive uniform.

Cal. Vehicle Code § 2800.1.

(a) If a person flees or attempts to elude a pursuing peace officer in violation of Section 2800.1 and the pursued vehicle is driven in a willful or wanton disregard for the safety of persons or property, the person driving the vehicle, upon conviction, shall be punished by imprisonment in the state prison, or by confinement in the county jail for not less than six months nor more than one year. The court may also impose a fine of not less than one thousand dollars ($1,000) nor more than ten thousand dollars ($10,000), or may impose both that imprisonment or confinement and fine.

(b) For purposes of this section, a willful or wanton disregard for the safety of persons or property includes, but is not limited to, driving while fleeing or attempting to elude a pursuing peace officer during which time either three or more violations that are assigned a traffic violation point count under Section 12810 occur, or damage to property occurs.

Cal. Vehicle Code § 2800.2.

The allegedly comparable Washington crime is attempting to elude a police vehicle in violation of RCW 46.61.024:

(1) Any driver of a motor vehicle who willfully fails or refuses to immediately bring his or her vehicle to a stop and who drives his or her vehicle in a reckless manner while attempting to elude a pursuing police vehicle, after being given a visual or audible signal to bring the vehicle to a stop, shall be guilty of a class C felony. The signal given by the police officer may be by hand, voice, emergency light, or siren. The officer giving such a signal shall be in uniform and the vehicle shall be equipped with lights and sirens.

The first inquiry is whether the elements of the California offense are substantially similar to the elements of the Washington offense. *Thiefault*, 160 Wn. 2d at 415. Both

10

offenses require proof of the same actus reus, but the mens reas differ.[3] Washington

only requires a defendant drive their vehicle in a "reckless manner." RCW 46.61.024(1).

This entails proof of heedlessness or indifference to consequences. *State v. Roggenkamp*,

153 Wn.2d 614, 622, 106 P.3d 196 (2005).[4] California, in contrast, requires proof that

the defendant drove with a "willful or wanton disregard for the safety of persons or

property." Cal. Vehicle Code § 2800.2(a). This is a "higher mental state" than what is

required for recklessness. *Roggenkamp*, 153 Wn.2d at 626. Thus, California's law is

narrower than Washington's. This satisfies the criteria for legal comparability.[5] We

therefore need not look to factual comparability.

---

[3] Mr. Rogers complains that the California law does not require proof that the police officer is wearing a distinctive uniform. He is incorrect. *See* Cal. Vehicle Code § 2800.1(a)(4).

[4] *Roggenkamp* analyzed the meaning of "reckless" in the context of vehicular homicide and vehicular assault. We have recognized the same definition of "reckless" applies in the context of Washington's attempt to elude statute. *State v. Ridgley*, 141 Wn. App. 771, 781, 174 P.3d 105 (2007) (holding "reckless" has the same definition in the attempting to elude statute as in the vehicular homicide and vehicular assault statutes).

[5] Mr. Rogers points to section 2800.2(b) of the California Vehicle Code, which states that "a willful or wanton disregard for the safety of persons or property includes, but is not limited to, driving while fleeing or attempting to elude a pursuing peace officer during which time either three or more violations that are assigned a traffic violation point count under section 12810 occur, or damage to property occurs." Mr. Rogers was not charged under section 2800.2(b). He was charged under section 2800.2(a) and pleaded guilty as charged. Section 2800.2(b) has no bearing on his case.

*Montana conviction*

The Montana conviction at issue in Mr. Rogers's appeal involved a violation of

MCA (Montana Code Annotated) 45-6-301(3):

> A person commits the offense of theft when the person purposely or knowingly obtains control over stolen property knowing the property to have been stolen by another and:
>    (a) has the purpose of depriving the owner of the property;
>    (b) purposely or knowingly uses, conceals, or abandons the property in a manner that deprives the owner of the property; or
>    (c) uses, conceals, or abandons the property knowing that the use, concealment, or abandonment probably will deprive the owner of the property.

The allegedly comparable Washington crime is felony possession of stolen

property in violation of RCW 9A.56.160:

> (1) A person is guilty of possessing stolen property in the second degree if:
> (a) He or she possesses stolen property, other than a firearm as defined in RCW 9.41.010 or a motor vehicle, which exceeds seven hundred fifty dollars in value but does not exceed five thousand dollars in value; or
> (b) He or she possesses a stolen public record, writing or instrument kept, filed, or deposited according to law; or
> (c) He or she possesses a stolen access device.

The nature of the Montana and Washington offenses are substantially similar once

one takes into account Washington's definition of "possessing stolen property," which

> means knowingly to receive, retain, possess, conceal, or dispose of stolen property knowing that it has been stolen and to withhold or appropriate the same to the use of any person other than the true owner or person entitled thereto.

RCW 9A.56.140(1).

Nevertheless, Montana's statute is broader than Washington's in that it is not confined by a dollar amount. Felony theft in Washington requires a value of at least $750. Montana has no similar requirement. An individual convicted of violating Montana's statute has not necessarily violated all the elements of Washington's second degree possession of stolen property statute. Thus, the two statutes are not legally comparable.

Turning to factual comparability, because this claim comes to us in the form of a direct appeal, we do not have all the records pertaining to Mr. Rogers's Montana conviction. We are therefore unable to perform a factual comparability analysis. At Mr. Rogers's sentencing hearing, the State described the Montana conviction as involving possession of over $1,500 in property. 3 RP (Apr. 27, 2021) at 962. Assuming this clarification was adequately established by Mr. Rogers's Montana records, the offense would have satisfied the factual comparability analysis and it would not have been deficient for trial counsel to fail to object.

On the current record, Mr. Rogers has not established that trial counsel performed deficiently in failing to object to the Montana conviction. If Mr. Rogers has evidence indicating the Montana conviction did not meet the criteria for factual comparability, he will need to raise this issue in a personal restraint petition.

13

No. 38214-1-III
*State v. Rogers*

Mr. Rogers has not shown that the California and Montana convictions were not comparable to Washington crimes. He therefore has not established counsel performed deficiently in stipulating to their inclusion in Mr. Rogers's offender score.

CONCLUSION

Mr. Rogers's conviction for possession of a stolen motor vehicle is reversed without prejudice. All other convictions are affirmed. This matter is remanded for further proceedings.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Staab, J.

14