IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 38963-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CHRISTOPHER MICHAEL CRUMP, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Christopher Michael Crump appeals his conviction for possession of a stolen motor vehicle. He also challenges the constitutionality of various legal financial obligations (LFOs) imposed in relation to this and a simultaneous malicious mischief conviction. We reverse Mr. Crump's stolen motor vehicle conviction without prejudice as the State's charging document failed to recite all elements of the offense. We reject Mr. Crump's constitutional challenge to his court-ordered LFOs, but nevertheless remand so that Mr. Crump may take advantage of recent statutory amendments that afford relief to indigent defendants.

FACTS

Christopher Crump was pulled over by police on suspicion of driving a stolen vehicle and having expired license plate tabs. During the stop, the police confirmed the

vehicle was stolen and Mr. Crump was placed under arrest. In a post-arrest search of the vehicle, police found two hats: a red hat and a black and red New England Patriots hat.

Mr. Crump was charged with possession of a stolen vehicle and released on electronic home monitoring. During his pretrial release, Mr. Crump tampered with the monitoring device, causing damage. He was then charged with two counts of malicious mischief.

At trial, Mr. Crump did not dispute he possessed the car or that he damaged the monitoring device. He claimed he borrowed the car from an unnamed friend and that he did not know the car was stolen until the police told him.

The State's evidence included testimony from a law enforcement officer about his past interactions with Mr. Crump. The officer stated he had seen Mr. Crump about a dozen times in the past and Mr. Crump was often wearing a red hat. The State then sought to elicit testimony from the officer about a Facebook profile photo that depicted Mr. Crump wearing a red Chicago Bulls hat. Mr. Crump objected to the admission of the photo, arguing it was irrelevant and would serve only to suggest that he had been the subject of a prior police investigation. The State argued the photo was relevant to prove Mr. Crump possessed the car because it showed he wore a hat similar to those found in the car, thus implying he possessed it "'as opposed to just, like, maybe he's just driving

it on a whim.'" 5 Rep. of Proc. (Mar. 22, 2022) at 288-89. The trial court overruled the objection and allowed the evidence.

The jury found Mr. Crump guilty of possessing a stolen motor vehicle, and one count of second degree malicious mischief. The trial court ordered Mr. Crump to pay restitution in the amount of the victims' losses, with $1,001.00 payable to Walla Walla Court Services for the damaged electronic monitoring equipment and $1,534.50 to the owner of the stolen vehicle. The court also imposed a $500.00 crime victim penalty assessment.

Mr. Crump now appeals.

## ANALYSIS

*Sufficiency of charging document*

Mr. Crump challenges the sufficiency of the State's information, arguing it did not include the essential element of knowledge. Because this claim was not raised at trial, we must liberally review the charging document in favor of validity. "An information is sufficient under this standard if it contains some language from which notice of each required element of the offense can be found." *State v. Level*, 19 Wn. App. 2d 56, 60, 493 P.3d 1230 (2021). All elements must be included, even a nonstatutory element such

as knowledge. *Id.* "If facts supporting one or more elements cannot fairly be implied, prejudice is presumed and the charge must be reversed." *Id*.

Here, Count 1 of the amended information alleged:

> That the said **Christopher Michael Crump** in the County of Walla Walla, State of Washington, on or about September 15, 2021, did unlawfully possess a stolen motor vehicle, to-wit: 1994 Ford Escort, the property of Stephan R. Hansell; . . . .

Clerk's Papers at 38.

This case is on all fours with our decision in *Level*. The crime of unlawful possession of a stolen motor vehicle includes a nonstatutory element of knowledge. Even under the liberal construction standard, a charging document that merely accuses a defendant of "'unlawful'" possession of a "stolen" motor vehicle is insufficient to convey the element of knowledge. *Level*, 19 Wn. App. 2d at 63.

The State argues this court should decline to follow *Level* because its holding is "directly contrary" to the Washington Supreme Court's decision in *State v. Porter*, 186 Wn.2d 85, 375 P.3d 664 (2016). *See* Br. of Resp't at 8-9. The State is wrong. *Porter* is factually and legally distinct from this case.

In *Porter*, the Supreme Court held that a charging document need not allege a statutory *definition* of an element of the offense; the court did not hold that an information need not allege a nonstatutory element. If anything, *Porter* supports our conclusion that

reference to the nonstatutory element is required. The charge in *Porter* involved unlawful possession of a stolen motor vehicle. The court noted the charging document "alleged that [Clifford] Porter knowingly possessed property that he knew to be stolen." *Porter*, 186 Wn.2d at 92. According to the court, this language "sufficiently articulated the essential elements of the crime." *Id*. Nothing in *Porter* suggests the State's information would have passed muster had it excluded reference to the mens rea element of knowledge.

The State's information here failed to adequately allege the crime of possession of a stolen motor vehicle. Mr. Crump's conviction for this charge must therefore be dismissed without prejudice.

## *Evidentiary challenge*

Mr. Crump contends the trial court committed prejudicial error by admitting evidence of Mr. Crump's Facebook profile photo found by police during a prior investigation. Although the admissibility of the photo is technically moot given our disposition of the stolen motor vehicle charge, we address Mr. Crump's claim in the event that there is a retrial of the stolen motor vehicle charge.

"The fundamental limitation on the information that the parties can present to the jury is that the evidence must be relevant." Miguel A. Méndez, EVIDENCE:

THE CALIFORNIA CODE AND THE FEDERAL RULES A PROBLEM APPROACH § 1.01, at 2

(1995). Relevance is a necessary, but not sufficient, condition for the admissibility of

evidence. To be admissible, evidence must be relevant. ER 402. But not all relevant

evidence is admissible. *Id*. Sometimes relevant evidence must be excluded on

constitutional grounds "or as otherwise provided by statute" or rules. *Id*. Evidence is

relevant if it tends to make a fact of consequence more or less likely to be true than it

would be without the evidence. ER 401.

The evidence at issue here is a two-year-old picture of Mr. Crump wearing a red

Chicago Bulls hat in a Facebook photo. According to the State, the photo is relevant to

show Mr. Crump possessed the vehicle at issue in this case. The State's reasoning is that

the similarity between the hat in the photo and the hats found in the stolen vehicle suggest

they are owned by the same person. And if the hats in the vehicle belonged to Mr. Crump,

this would suggest that he was in primary possession of the vehicle, contrary to his claim

that he had merely borrowed the car from a friend.

We disagree that the Facebook photo is relevant. The hat depicted in the Facebook

photo is not the same as either of the hats found in the vehicle. This circumstance alone

dooms the State's theory of relevance. Hats are a common accessory. The fact that

Mr. Crump often wears hats does not tend to suggest that he owned either of the two

hats found in the car. To be sure, the fact that the hats were found in a car driven by Mr. Crump tends to suggest that Mr. Crump was the owner of the hats. But the fact that Mr. Crump has been seen on past occasions wearing hats does not make his ownership or possession of the hats in the car more probable. *Cf.* ER 401 (defining relevance).

The State emphasizes that the hats in the car were red and that Mr. Crump often wears red hats. This is not a helpful detail. Red is an exceedingly common color. Of the 32 teams in the National Football League, 11 use the color red.[1] Of the 30 teams in Major League Baseball, 17 use the color red.[2] And in the National Basketball Association, 12 of the 30 teams use the color red.[3] This of course is just a small sampling of hat types. Red is also a common attribute in hats associated with other professional and

---

[1] Buffalo Bills, New England Patriots, Pittsburgh Steelers, Houston Texans, Tennessee Titans, Kansas City Chiefs, New York Giants, Atlanta Falcons, Tampa Bay Buccaneers, Arizona Cardinals, and San Francisco 49ers. *Teams*, NAT'L FOOTBALL LEAGUE, https://www.nfl.com/teams/ (last visited Jan. 29, 2024).

[2] Arizona Diamondbacks, Boston Red Sox, Chicago Cubs, Cincinnati Reds, Cleveland Guardians, Los Angeles Angels, Los Angeles Dodgers, Miami Marlins, Minnesota Twins, New York Yankees, Philadelphia Phillies, Seattle Mariners, St. Louis Cardinals, Texas Rangers, Toronto Blue Jays, and Washington Nationals. An 18th team, the Atlanta Braves uses the similar but apparently distinct color of scarlet. *Teams*, MAJOR LEAGUE BASEBALL, https://www.mlb.com/team (last visited Jan. 29, 2024).

[3] Atlanta Hawks, Chicago Bulls, Denver Nuggets, Detroit Pistons, Houston Rockets, Los Angeles Clippers, Miami Heat, New Orleans Pelicans, Philadelphia 76ers, Portland Trailblazers, Toronto Raptors, and Washington Wizards. *Teams*, NAT'L BASKETBALL ASS'N, https://www.nba.com/teams (last visited Jan. 29, 2024).

nonprofessional sports teams, political enthusiasts, and patriotic Americans. The fact that a particular hat is red is not sufficient to suggest that the hat may be associated with any one person.

It could be that what the State is trying to say is that Mr. Crump is the type of person who prefers red hats. This is speculative. Given the ubiquity of the color red, the fact that Mr. Crump may often be seen wearing a red hat does not suggest he has picked out his hats for their red color, as opposed to some other reason. But even if there were some truth to the idea that Mr. Crump is uniquely interested in hats that are red, the implications of this suggestion would appear improper. As many people know—including most likely many prospective jurors—red is a color associated with the Norteños street gang. The suggestion that Mr. Crump might be associated with the Norteños is highly prejudicial and wholly irrelevant to the charged crime. *See State v. Juarez DeLeon*, 185 Wn.2d 478, 490-91, 374 P.3d 95 (2016). The State is prohibited from introducing evidence that implies gang association without a strong theory of relevance. *See id.*

The Facebook photo depicting Mr. Crump wearing a red hat is not relevant. It should have been excluded from evidence under ER 402.[4]

---

[4] Because the hat is not relevant, it has no probative value. Thus, there is no need for balancing probative value versus prejudicial effect under ER 403.

No. 38963-4-III
*State v. Crump*

*LFOs*

Mr. Crump contends that by ordering restitution, interest, and a crime victim penalty assessment without first considering his ability to pay, the trial court violated his constitutional right to be free from excessive fines. We disagree with this constitutional challenge. Nevertheless, recent statutory changes provide Mr. Crump some relief.

Our case law holds that restitution tied to a victim's losses, interest, and penalties such as a special penalty assessment, does not violate the excessive fines clause. *See State v. Ellis*, 27 Wn. App. 2d 1, 13, 530 P.3d 1048 (2023); *State v. Ramos*, 24 Wn. App. 2d 204, 229-230, 520 P.3d 65 (2022). Here, Mr. Crump's restitution award was tied to the victims' actual losses. Thus, he states no constitutional claim.[5]

Although Mr. Crump's constitutional challenge fails, he is entitled to the benefit of several recent statutory amendments given his case is pending direct review. *See State v. Ramirez*, 191 Wn.2d 732, 748-49, 426 P.3d 714 (2018); *Ellis*, 27 Wn. App. 2d at 16. Under RCW 9.94A.753(3)(b), Mr. Ellis may seek relief from restitution and interest ordered payable to a state agency based on an inability to pay.[6] Relief from interest on

[5] Given our disposition of the stolen motor vehicle charge, the only restitution order at issue in this appeal pertains to the damage to the malicious mischief charge.

[6] It is unclear whether Walla Walla Court Services qualifies as a state agency. That issue can be resolved on remand.

restitution is also possible under RCW 10.82.090(2). Finally, because the trial court has found Mr. Crump indigent, Mr. Crump is entitled to waiver of the $500 crime victim penalty assessment under RCW 7.68.035(4).

We remand this matter so that Mr. Crump may take advantage of the foregoing statutory provisions.

## CONCLUSION

Mr. Crump's conviction for unlawful possession of a motor vehicle is reversed without prejudice. The conviction for malicious mischief is affirmed, but we remand for resentencing consistent with the terms of this decision.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____    _____
Lawrence-Berrey, A.C.J.        Staab, J.